IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEROY PERNELL, et al.,

    *Plaintiffs*,

v.

FLORIDA BOARD OF GOVERNORS OF THE STATE UNIVERSITY SYSTEM, et al.,

    *Defendants*.

Case No.: 4:22-cv-304-MW-MAF

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs LeRoy Pernell, Dana Thompson Dorsey, Sharon Austin, Shelley Park, Jennifer Sandoval, Russell Almond, Marvin Dunn, and Johana Dauphin respectfully move the Court, pursuant to Federal Rule of Civil Procedure 65(a), for a preliminary injunction against the enforcement of the higher education provisions of the Stop W.O.K.E. Act by Defendants the Florida Board of Governors of the State University System; Brian Lamb, Eric Silagy, Timothy M. Cerio, Richard Corcoran, Aubrey Edge, Patricia Frost, Nimna Gabadage, Edward Haddock, Ken Jones, Darlene Luccio Jordan, Alan Levine, Charles H. Lydecker, Craig Mateer, Steven M. Scott, William Self, and Kent Stermon, in their official capacities as members of the Florida Board of Governors of the State University System; Manny Diaz Jr., in his official capacity as the Commissioner of the Florida State

1

Board of Education; the University of Florida Board of Trustees; the University of South Florida Board of Trustees; the Florida International University Board of Trustees; the Florida A&M University Board of Trustees; the Florida State University Board of Trustees; and the University of Central Florida Board of Trustees.

The provisions of the Stop W.O.K.E. Act that pertain to higher education—Sections 2(4)(a) and 2(4)(b)—enact viewpoint discriminatory restrictions on instructors' First Amendment right to speak and students' First Amendment right to learn. They also violate the Fourteenth Amendment because they are so vague that instructors do not have sufficient notice of what is and is not prohibited. As more fully set forth in Plaintiffs' Memorandum of Support, Plaintiffs are likely to succeed on the merits of their claims and will suffer irreparable harm from the enforcement of the Act in the absence of preliminary relief. The balance of equities tilts strongly in their favor, and an injunction protecting their constitutional rights is in accord with the public interest.

Wherefore a preliminary injunction should issue.

Dated: August 24, 20222

Respectfully submitted,

/s/ Jerry C. Edwards
Jerry Edwards
Fla. Bar No. 1003437
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION OF FLORIDA
933 Lee Road, Suite 102
Orlando, FL 32810
(786) 363-1107
jedwards@aclufl.org

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Local Rule 7.1(F) because this document contains 474 words. This document complies with the type-style requirements of Local Rule 5.1(C) because this document has been prepared in a proportionally spaced typeface using the word-processing system Microsoft Word 2016 in 14-point Times New Roman. Because no attorney has entered an appearance on Defendants' behalf, Counsel is unable to meet and confer at this time. Counsel will file an amended Rule 7.1(B) certificate once Defendants' counsel enters an appearance.

Dated: August 24, 2022   By:   /s/ Jerry C. Edwards
                                Jerry Edwards