# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

LEROY PERNELL, et al.,
    *Plaintiffs*,

v.

FLORIDA BOARD OF GOVERNORS OF
THE STATE UNIVERSITY SYSTEM, et
al.,
    *Defendants.*

Case No.: 4:22-cv- 304

## DECLARATION OF LEROY PERNELL IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

I, LeRoy Pernell, hereby declare and state as follows:

## A. Background

1. My name is LeRoy Pernell. I am over 18 years of age and identify as an African-American man.

2. I have personal knowledge of the following facts and if called to testify could and would competently do so.

3. I have over 40 years of professional experience in higher education. From 2008 onwards, I have worked at Florida A&M University College of Law (FAMU Law), a law school at a historically Black college and university (HBCU). From 2008 to 2015 I served as Dean, and from 2017 to 2019, I

served as Interim Dean. While serving as Dean, I helped FAMU Law achieve full American Bar Association (ABA) accreditation in 2009.

4. Since 2019, I have served as Professor of Law, where my coursework focuses on the criminal legal system. I teach primarily in the areas of criminal procedure, torts, juvenile law, and race and the law. I have published articles and book chapters on criminal procedure, race and the law, torts, and sports law. I also recently published a book, along with Professor Omar Saleem, titled "Cases and Materials on Combatting Racism in Criminal Procedure."

5. With regard to my education, I received a Bachelor of Arts degree in Government from Franklin and Marshall College and a Juris Doctor degree from Ohio State University College of Law (Ohio State Law).

6. After graduating from Ohio State Law, I worked for Columbus Legal Aid and Defender Society representing indigent individuals and juveniles in the criminal legal system, before going into teaching. I then served in various roles as a law professor at Ohio State Law for over 20 years. I also served as Vice Provost in the Office of Minority Affairs at Ohio State Law for about four years. In 1997, I took over as Dean of Northern Illinois University College of Law and served in that role for over 10 years, before joining FAMU Law as Dean.

7. During my career, I have earned numerous awards, honors, and accolades. For example, in 2018, I won the Council on Legal Education Opportunity's CLEO EDGE Award and was inducted into the HBCU Pre-Law Hall of Fame. I was elected to the American Law Institute (ALI) in 2000 and was a member on the ALI consultative group on the Restatement of Torts 3rd. I also served on the board of trustees of the Law School Admissions Council.

## B. FAMU Law's History and Present

8. FAMU Law, as a college in a HBCU, has a rich history of activism in the fight for racial justice. The state of Florida also has a history of punishing FAMU Law severely for that activism.

9. In 1949, after a Black student named Virgil Hawkins applied to the then-segregated University of Florida Law School, the state of Florida decided to open a law school to accommodate Hawkins and other Black law students in Florida. This allowed the state to justify its refusal to integrate the University of Florida under the "separate but equal" doctrine from the United State Supreme Court's opinion in *Plessy v. Ferguson*, 163 U.S. 537 (1896). FAMU Law admitted its first class in 1951.

10. During the Civil Rights Movement of the 1950s and 1960s, Black students attending Florida A&M University (FAMU) and FAMU Law participated in demonstrations protesting segregation. For example, John D. Due, Jr., a

member of the Florida Civil Rights Hall of Fame and FAMU Law graduate, worked as an attorney in Mississippi during the Freedom Summer on behalf of the Student Nonviolent Coordinating Committee to monitor violence against civil rights workers. Due's wife, Patricia Stephens Due, was a prominent civil rights activist and FAMU student who participated in the first "jail-in" of the Civil Rights Movement after electing not to pay a fine or bail for sitting at a "whites only" lunch counter at a Tallahassee Woolworth's store. Arthenia Joyner, later the Minority Leader of the Florida Senate, is another example of a civil rights activist who graduated from FAMU Law during the 1960s.

11. Students and faculty at FAMU Law also frequently represented activists who were arrested for violating Jim Crow laws in Florida.

12. In response to these efforts, then-Governor W. Haydon Burns, an ardent segregationist, and the Florida legislature worked together to tarnish FAMU Law's reputation and minimize its leading role in the civil rights movement. In 1965, the Florida legislature voted to strip the law school of its funding and opted instead to fund a new law school at the formerly segregated Florida State University. Florida State opened its law school in 1966, and FAMU Law's last class graduated in 1968. The school remained closed for over 30 years.

13. In 2000, after calls from the ABA and others to better diversify the legal profession, the Florida Legislature passed legislation reestablishing FAMU Law. FAMU Law admitted its first class in 2002 and earned ABA provisional approval in 2004, receiving full accreditation in 2009.

14. Today, FAMU Law supports an extremely diverse base of students. As of fall 2021, 73.6% of FAMU Law's total students identified as people of color. 47.6% of its total students identified as Black or African-American. In its fall 2021 first-year class, 75.4% of its students identified as people of color and 46.2% identified as Black or African-American. *See* Attached Exhibit A.

15. FAMU Law's faculty is also diverse. As of fall 2021, 73.2% of its total faculty and 81.8% of its full-time faculty identify as people of color. *See id*. Presently, I estimate that over 80% of FAMU Law's full-time faculty identifies as Black.

## C. My Current Coursework

16. In the fall semester, I will be teaching Constitutional Law II (LAW 5502) and Torts (LAW 5700). In the spring semester, I am still solidifying my courses, but will likely be teaching Criminal Procedure: Pre-Trial Procedure, as well as Advanced Topics in Criminal Procedure: The Role of Race in Criminal Procedure.

17. Constitutional Law II is an advanced course where we go into more detail on the historical and legal bases for our constitutional framework. Torts is an introductory course that covers the history and development of the legal principles underlying non-contractual civil wrongs, both at common law and under various statutes.

18. In The Role of Race in Criminal Procedure, we address the often-ignored role of race in American criminal justice. This course systematically traces the role that race plays at each major stage of the criminal process, including the application of Equal Protection and Due Process principles.

## D. The Interaction Between House Bill 7 (H.B. 7)[1] and the Content of My Courses

19. On April 22, 2022, Governor Ron DeSantis signed H.B. 7 into law. This law amended § 1000.05(4), Fla. Stat., to add a list of eight prohibited concepts that instructors are permitted to denounce but are not permitted to advance.

20. As I understand it, H.B. 7 makes it illegal to teach about the existence and manifestations of systemic racism in the legal system. The law does this explicitly by limiting instruction on the racial origin and impact of concepts like "neutrality, objectivity, and racial colorblindness" and also broadly chills instruction in the realm of critical race thinking.

---

[1] Ch. 2022-72, Laws of Fla.

21. From a legal teaching perspective, it is pedagogically appropriate to teach the concepts that H.B. 7 now prohibits, because they are grounded in case law, academic research, and well-recognized analytical frameworks. Moreover, using these concepts—particularly those that pertain to analyzing and understanding systemic inequalities perpetuated by our legal system—is valuable because it helps to inspire and teach students on how to bring about transformative change. By discussing topics like systemic racism, for example, we prepare students to bring about positive change against racism. Discussion of these topics often exposes students to ideas and concepts for the first time, like instances of racism in the criminal justice system, and prompts students to think about their career trajectories and how they can promote change as future lawyers. We cannot begin to address the problems within our legal system without first understanding what needs to be changed.

22. An example of specific material that H.B. 7 could require me to no longer use in one of my courses is *Cases and Materials on Combatting Racism in Criminal Procedure*, the casebook I authored. Last fall, I assigned this casebook in my course on The Role of Race in Criminal Procedure, and the vast majority of the required readings in that course came from the book. *See* Attached Exhibit B. This casebook discusses the ways in which racism became and has remained embedded in our criminal legal system. *See*

Attached Exhibit C. This casebook does not conform with H.B. 7's mandate of "colorblindness," and it is hard for a student to conclude that I do not endorse the material in the book when I am the one who authored it and the book includes excerpts of my scholarship. *See id.*

### E. How H.B. 7 Will Impact My Teaching and My Courses

23. H.B. 7 impacts my ability to teach each of my courses, because central to my teaching philosophy is the premise that the legal system is not, and has never been, race-neutral. I ask students to look critically at the legal system from the perspective that the system is very color-conscious and promotes race privilege. For example, when I teach my criminal procedure courses, I start with the idea that all modern criminal procedure is based on race-conscious decision-making. A significant portion of the course involves looking at race in the criminal justice system from a critical point of view, including the racism that led to the murder of Fred Hampton, the Attica Prison Riots, and newer forms of slavery—like prison labor—that continue to this day.

24. This perception of the legal system extends beyond criminal procedure; in Constitutional Law we discuss a number of events from a critical perspective regarding race, including the racial implications of the founding of the Constitution and the enforcement of civil rights. In Torts, we discuss race and tort liability.

25. My ability to fully and accurately present these nuanced and complex issues is directly impacted by the limits H.B. 7 places on using viewpoints like "[s]uch virtues as merit, excellence, hard work, fairness, neutrality, objectivity, and racial colorblindness are racist or sexist." § 1000.05(4)(a)(8), Fla. Stat.

26. The way I teach, therefore, cannot comport with H.B. 7, as the law directly challenges a foundational notion of my pedagogy: that the legal system is not race-neutral.

27. H.B. 7 also chills student speech in the classroom, as students will be afraid to express their views on race in a way that they now perceive is contrary to Florida law. I fear that fewer students will choose to combat racism as a part of their profession, not only because they won't have received sufficient instruction due to H.B. 7's prohibitions on teaching, but also due to a perception that the state stands in opposition to such a career.

28. I know that I will face negative consequences for teaching students as I had prior to the enactment of H.B. 7, given that such teaching will now be illegal.

29. I am also concerned that the state government will strip FAMU Law of funding if I violate H.B. 7. I spent almost a decade as Dean and Interim Dean of FAMU Law. I left my position as Dean of Northern Illinois University College of Law to come to FAMU Law and help the law school achieve full

accreditation. The success of FAMU Law and its continued financial sustainability, which relies on state funding, are particularly important to me.

30. I expect that we will see a reduction in courses that involve critical race thinking, as professors—especially those without tenure—will not want to take a chance teaching courses that implicate the prohibited concepts, and therefore may run the risk of violating H.B. 7.

31. In my personal opinion, H.B. 7 appears targeted at Black educators, scholars, and thinkers. For one, the legislative proposal that led to H.B. 7, the "Stop Woke Act," focuses on the word "woke," a word that Black people created and popularized. Moreover, H.B. 7 appears to be a direct reaction to the shift in dynamic that occurred in Florida, and around the nation, following the murder of George Floyd, where there was a new-found recognition of ongoing race-motivated violence and racial disparities in America. H.B. 7 appears to be an attempt by the legislature to push back against these conversations and the growing awareness of racism among the populace.

## F. Exhibits

32. Attached as **Ex. A** is a true and correct copy of the ABA's 2021 Standard 509 Information Report for FAMU Law.

33. Attached as **Ex. B** is a true and correct copy of my syllabus from my Advanced Topics in Criminal Procedure: The Role of Race in Criminal Procedure course that I taught in the fall 2021 semester.

34. Attached as **Ex. C** is a true and correct copy of the title page and table of contents from the *Cases and Materials on Combatting Racism in Criminal Procedure* casebook I authored.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and accurate.

Executed on August 10, 2022.

LeRoy Pernell

Ex. A

## FLORIDA A&M UNIVERSITY - 2021   Standard 509 Information Report

201 Beggs Avenue
Orlando, Florida 32801

Phone: 407-254-4010

Website: http://law.famu.edu/

http://www.abarequireddisclosures.org

Report Generated on: 12-14-2021

*ABA*
*Approved*
*Since*
*2004*



### The Basics

| | |
|---|---|
| Type of school | Public |
| Application deadline | May 31 |
| Application fee | |
| Financial aid deadline | May 1 |

### Academic Calendar

| | |
|---|---|
| Term | Semester |
| Months students may begin studying law | August |
| Months the Law school confers degrees | May, August, December |
| # of credit hours required to earn the JD | 90 |

### Curricular Offerings 2020-2021

| | 2020-2021 |
|---|---|
| Typical first-year section size, excluding Legal Research & Writing | 41 |
| Number of course titles,beyond the first year curricular,offered last year | 71 |
| Number of upper division class room course sections with an enrollment: | |
| Under 25 | 73 |
| 25 to 49 | 27 |
| 50 to 74 | 15 |
| 75 to 99 | 1 |
| 100 + | 0 |
| Number of seats available in law clinics last year | 42 |
| Number of field placements positions filled last year | 175 |
| Number of seats available in simulation courses | 462 |
| Number of seminars | 15 |
| Number of co-curricular offerings | 3 |

### 2021 First Year Class (Oct 6th 2020-Oct 5th 2021)

| | 2021 |
|---|---|
| Completed Applications | 1515 |
| Offers of Admission | 561 |
| Acceptance Rate (Percent) | 37.03% |
| Enrollees from Applicant pool | 130 |
| Enrollment rate from Completed Applications | 8.58% |
| Enrollment rate from Offers of Admission | 23.17% |
| Other first-year enrollees | 0 |

| | All | Full Time | Part Time |
|---|---|---|---|
| Total in First-year class | 130 | 104 | 26 |
| **LSAT** | **All** | **Full Time** | **Part Time** |
| 75th Percentile | 152 | 152 | 152 |
| 50th Percentile | 149 | 149 | 148 |
| 25th Percentile | 147 | 147 | 146 |
| # not included in LSAT calculations | 0 | 0 | 0 |
| **UGPA** | **All** | **Full Time** | **Part Time** |
| 75th Percentile | 3.64 | 3.68 | 3.43 |
| 50th Percentile | 3.42 | 3.44 | 3.21 |
| 25th Percentile | 3.15 | 3.23 | 3.03 |
| # not included in UGPA calculations | 3 | 1 | 2 |
| **GRE** | **All** | **Full Time** | **Part Time** |
| 75th Percentile GRE Verbal Reasoning | 0 | 0 | 0 |
| 50th Percentile GRE Verbal Reasoning | 0 | 0 | 0 |
| 25th Percentile GRE Verbal Reasoning | 0 | 0 | 0 |
| 75th Percentile GRE Quantitative Reasoning | 0 | 0 | 0 |
| 50th Percentile GRE Quantitative Reasoning | 0 | 0 | 0 |
| 25th Percentile GRE Quantitative Reasoning | 0 | 0 | 0 |
| 75th Percentile GRE Analytical Writing | 0 | 0 | 0 |
| 50th Percentile GRE Analytical Writing | 0 | 0 | 0 |
| 25th Percentile GRE Analytical Writing | 0 | 0 | 0 |

## J.D Enrollment as of October 5th 2021

| | JD1 | | | | JD2 | | | | JD3 | | | | JD4 | | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | T | M | W | O | T | M | W | O | T | M | W | O | T | M | W | O | T |
| Hispanics of any race | 34 | 9 | 25 | 0 | 20 | 5 | 15 | 0 | 32 | 9 | 23 | 0 | 6 | 1 | 5 | 0 | 92 |
| American Indian or Alaska Native | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Asian | 1 | 1 | 0 | 0 | 3 | 2 | 1 | 0 | 2 | 0 | 2 | 0 | 0 | 0 | 0 | 0 | 6 |
| Black or African American | 60 | 14 | 46 | 0 | 48 | 10 | 38 | 0 | 86 | 25 | 61 | 0 | 4 | 0 | 4 | 0 | 198 |
| Native Hawaiian or Other Pacific Islander | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Two or More Races | 3 | 2 | 1 | 0 | 2 | 0 | 2 | 0 | 5 | 2 | 3 | 0 | 0 | 0 | 0 | 0 | 10 |
| Total Minority | 98 | 26 | 72 | 0 | 73 | 17 | 56 | 0 | 125 | 36 | 89 | 0 | 10 | 1 | 9 | 0 | 306 |
| White | 31 | 10 | 21 | 0 | 15 | 9 | 6 | 0 | 53 | 25 | 28 | 0 | 8 | 5 | 3 | 0 | 107 |
| Nonresident Alien | 0 | 0 | 0 | 0 | 1 | 0 | 1 | 0 | 0 | 0 | 0 | 0 | 1 | 1 | 0 | 0 | 2 |
| Race and Ethnicity Unknown | 1 | 0 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 |
| Total | 130 | 36 | 94 | 0 | 89 | 26 | 63 | 0 | 178 | 61 | 117 | 0 | 19 | 7 | 12 | 0 | 416 |

## Faculty Resources 2020 - 2021

| | Male | Female | Other | People of Color | Total |
|---|---|---|---|---|---|
| Full-time faculty members | 14 | 19 | 0 | 27 | 33 |
| Non-full-time faculty | 16 | 7 | 0 | 14 | 23 |
| Total | 30 | 26 | 0 | 41 | 56 |

| | Full Time | Part Time | Total |
|---|---|---|---|
| Librarians | 8 | 0 | 8 |
| Administrators | 15 | 0 | 15 |

## J.D. Degrees Awarded 2020-2021

| | |
|---|---|
| Hispanics of any race | 39 |
| American Indian or Alaska Native | 0 |
| Asian | 1 |
| Black or African American | 72 |
| Native Hawaiian or Other Pacific Islander | 1 |
| Two or More Races | 3 |
| Total Minority | 116 |
| White | 37 |
| Nonresident Alien | 1 |
| Race and Ethnicity Unknown | 0 |
| Total | 154 |

## 1L Tuition and Fees 2021 - 2022

| Per Annual: | Resident | Annual Fees | Non-Resident | Annual Fees | Other | Annual Fees |
|---|---|---|---|---|---|---|
| Full-Time | $ 0 | $ 0 | $ 0 | $ 0 | $ 0 | $ 0 |
| Part-Time | $ 0 | $ 0 | $ 0 | $ 0 | | |

| Per Credit: | Resident | Annual Fees | Non-Resident | Annual Fees | Other | Annual Fees |
|---|---|---|---|---|---|---|
| Full-Time | $ 456 | $ 13,851 | $ 1,098 | $ 33,112 | $ 0 | $ 0 |
| Part-Time | $ 456 | $ 8,836 | $ 1,098 | $ 21,035 | | |

Tuition Guarantee Program                No

## Grants and Scholarships 2020-2021

| | Total | | Full Time | | Part Time | |
|---|---|---|---|---|---|---|
| | # | % | # | % | # | % |
| Total # of students | 472 | 100 | 358 | 76 | 114 | 24 |
| Total # receiving grants | 422 | 89 | 337 | 94 | 85 | 75 |
| Less than 1/2 tuition | 376 | 80 | 300 | 84 | 76 | 67 |
| Half to full tuition | 36 | 8 | 29 | 8 | 7 | 6 |
| Full tuition | 0 | 0 | 0 | 0 | 0 | 0 |
| More than full tuition | 10 | 2 | 8 | 2 | 2 | 2 |
| 75th Percentile grant amount | | | $ 2,213 | | $ 2,213 | |
| 50th Percentile grant amount | | | $ 2,213 | | $ 2,213 | |
| 25th Percentile grant amount | | | $ 713 | | $ 1,500 | |

2

**FLORIDA A&M UNIVERSITY**

## Living Expenses 2021-2022

Estimated Living Expenses for singles

| | |
|---|---|
| Living on Campus | $ 0 |
| Living Off Campus | $ 28,644 |
| Living At Home | $ 17,366 |

## Conditional Scholarships 2020-2021

| Students Matriculating in | # Entering with | # Reduced or Eliminated |
|---|---|---|
| 2020-2021 Academic Year | 2 | 1 |
| 2019-2020 Academic Year | 0 | 0 |
| 2018-2019 Academic Year | 0 | 0 |

Please note that due to the COVID-19 pandemic, some schools reduced/eliminated conditional scholarships for the duration of the pandemic.

## Academic Attrition 2020-2021

| | JD1 | | | | | JD2 | | | | JD3 | | | | JD4 | | | | UL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | T | M | W | O | % | T | M | W | O | T | M | W | O | T | M | W | O | % |
| Hispanics of any race | 1 | 1 | 0 | 0 | 5.9 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.0 |
| American Indian or Alaska Native | 0 | 0 | 0 | 0 | 0.0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.0 |
| Asian | 0 | 0 | 0 | 0 | 0.0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.0 |
| Black or African American | 7 | 3 | 4 | 0 | 12.3 | 1 | 0 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.6 |
| Native Hawaiian or Other Pacific Islander | 0 | 0 | 0 | 0 | 0.0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.0 |
| Two or More Races | 1 | 1 | 0 | 0 | 6.7 | 1 | 0 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 2.2 |
| Total Minority | 9 | 5 | 4 | 0 | 9.9 | 2 | 0 | 2 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.8 |
| White | 4 | 3 | 1 | 0 | 19.0 | 2 | 0 | 2 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1.9 |
| Nonresident Alien | 0 | 0 | 0 | 0 | 0.0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.0 |
| Race and Ethnicity Unknown | 0 | 0 | 0 | 0 | 0.0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.0 |
| Total | 13 | 8 | 5 | 0 | 11.6 | 4 | 0 | 4 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1.1 |

## Other Attrition 2020-2021

| | JD1 | | | | | JD2 | | | | JD3 | | | | JD4 | | | | UL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | T | M | W | O | % | T | M | W | O | T | M | W | O | T | M | W | O | % |
| Hispanics of any race | 1 | 0 | 1 | 0 | 5.9 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.0 |
| American Indian or Alaska Native | 0 | 0 | 0 | 0 | 0.0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.0 |
| Asian | 0 | 0 | 0 | 0 | 0.0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.0 |
| Black or African American | 1 | 0 | 1 | 0 | 1.8 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.0 |
| Native Hawaiian or Other Pacific Islander | 0 | 0 | 0 | 0 | 0.0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.0 |
| Two or More Races | 2 | 2 | 0 | 0 | 13.3 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.0 |
| Total Minority | 4 | 2 | 2 | 0 | 4.4 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.0 |
| White | 1 | 1 | 0 | 0 | 4.8 | 0 | 0 | 0 | 0 | 1 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 1.0 |
| Nonresident Alien | 0 | 0 | 0 | 0 | 0.0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.0 |
| Race and Ethnicity Unknown | 0 | 0 | 0 | 0 | 0.0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.0 |
| Total | 5 | 3 | 2 | 0 | 4.5 | 0 | 0 | 0 | 0 | 1 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 0.3 |

**FLORIDA A&M UNIVERSITY**

| Transfers 2020-2021 | |
|---|---:|
| JD1 Transfers Out | 4 |
| Transfers In* | 2 |
| 75th Percentile JD1 GPA | 0.00 |
| 50th Percentile JD1 GPA | 0.00 |
| 25th Percentile JD1 GPA | 0.00 |

*GPA Percentiles provided if School has 12 or more transfers in. If more than 5 but less than 12 transfers in only 50th percentile will be provided.

**FLORIDA A&M UNIVERSITY**

Ex. B

# FLORIDA AGRICULTURAL AND MECHANICAL UNIVERSITY COLLEGE OF LAW

# Advanced Topics in Criminal Procedure: The Role of Race in Criminal Procedure
## *2 credit hours*

# Fall 2021

### COURSE SYLLABUS

**Professor LeRoy Pernell**                                    **leroy.pernell@famu.edu**
**Room   337G**                                                   **Office Hours: M & W**
**407-254- 4034**                                               **4 p.m. – 6 p.m.**

### WELCOME TO ADVANCED TOPICS IN CRIMINAL PROCEDURE: THE ROLE OF RACE IN CRIMINAL PROCEDURE!

### COURSE DESCRIPTION

**Advanced Topics in Criminal Procedure: The Role of Race in Criminal Procedure** is a 2-credit course which addresses the emerging national concern over the unwanted, but often ignored, role of race in American criminal justice. Legal scholars have long noted that race plays a role in how our criminal process works. This course systematically traces the role that race played, at each major stage of the criminal process including the application of Equal Protection and Due Process principles.

### COURSE OBJECTIVES

At the conclusion of the course, students should have acquired knowledge on the significance that race has played in criminal procedure and the United States Constitutional issues raised.
_____.

### STUDENT LEARNING OUTCOMES

By the end of this course, you should be able to

- Identify United States Constitutional Issues
-  Understand the civil rights implications of leading criminal procedure doctrine.
- Develop strategies for improving the criminal justice system.
- Be reinforced in the understanding of criminal justice doctrine that may be reflected in bar examinations.

### CLASS SCHEDULE

1

Friday 1:00 p.m. – 3:00 p.m.

## REQUIRED MATERIALS

LeRoy Pernell and Omar Saleem,  *CASES AND MATERIALS ON COMBATING RACISM IN CRIMINAL PROCEDURE*, (Vandeplas Publishing 2021)
**ISBN:** 978-1-60042-525-7

## TWEN

You must register on TWEN for this class.  Course assignments, notices, schedule changes, etc. will be posted on the TWEN site.  It is the responsibility of each student to regularly check the TWEN site for any changes/modifications to course specifics.
The address is http://lawschool.westlaw.com/ then follow the link to TWEN.  Please use a valid famu.edu e-mail address to sign up on the TWEN site.

## CLASS FORMAT

Lecture and Socratic. Significant use of multi-media

## CREDIT HOUR POLICY

This is a 2 credit hour class which complies with the College of Law's Credit Hour Policy as published at the College of Law and in accordance with the American Bar Association Standard 310.

## CLASS ATTENDANCE REQUIREMENTS AND TARDINESS POLICY:

You are enrolled in a professional institution.  Class attendance, participation and punctuality are mandatory.  You are required to attend all class meetings and are to record your attendance daily by signing the attendance roll.  Attendance includes the obligation to arrive on time.  Any student who is late to class will not be allowed to sign the attendance roll and will be considered absent from class.  Questions of "excused" absences or reasons for tardiness will not be entertained.  If you are absent, for whatever reason, you are absent.  If you are not prepared for class on any given day, you are absent for that day.  Please ensure that you read and adhere to the law school's attendance policy, located in the student handbook.  Students who miss more than the allotted number of classes per the student handbook will receive an F and will be automatically dropped from the class.  **It is your responsibility to contact the Associate Dean for Student Services or the Director of Student Affairs during the semester at the earliest time possible if you run into difficulties complying with these standards.**

2

## EXAMINATIONS AND GRADING SYSTEM

You will have a Final Exam. The final examination given at the end of the semester will determine the remaining 100% of your grade for this course.   The final will be "open book".

This final examination will be 3 hours in length. It will be an essay exam. In addition, there will be formative assessment opportunities provided throughout the semester which are not graded.

The date and time for the final examination will be set by the Dean's office and posted later in the semester.  **Any rescheduling due to conflicts or illness must be done through the Office of the Associate Dean for Academic Affairs and *not* mentioned to me in order to preserve your anonymity.**

## ACADEMIC HONOR CODE POLICY

Pursuant to the Student Code of Conduct, "[s]tudents at the College of Law are members of both the law school community and the larger University community.  The College of Law adopts as its Honor Code the University's Code of Conduct now and as might be later amended.  As such, the University's Student Code of Conduct shall govern all academic and non-academic misconduct that are not expressly addressed or covered by the College of Law Student Handbook.  All students should review and be knowledgeable about FAMU Regulation 2.012-2.013 University Student Code of Conduct . . ." The University's Academic Honor Policy is located in the FANG Student Handbook, under the Student Code of Conduct- Regulation 2.012 section, beginning on page 55-56.

## POLICY STATEMENT ON NON-DISCRIMINATION

It is the policy of Florida Agricultural and Mechanical University to assure that each member of the University community be permitted to work or attend classes in an environment free from any form of discrimination including race, religion, color, age, disability, sex, marital status, national origin, veteran status and sexual harassment as prohibited by state and federal statutes.  This shall include applicants for admission to the University and employment.

## ADA COMPLIANCE

To comply with the provisions of the Americans with Disabilities Act (ADA), please advise the Office of Student Affairs of any accommodations required to insure participation in this course.  Documentation of disability is required and should be submitted to the Learning Development and Evaluation Center (LDEC).  For additional information please contact the LDEC at (850) 599-3180.

## OUTLINE AND READING ASSIGNMENTS

The following pages contain the outline and reading assignments for the course.  Reading assignments are subject to specific direction by the instructor in class, email or by TWEN.

# Advance Topics: Race and Criminal Procedure

Required Casebook : LeRoy Pernell and Omar Saleem, ***Cases and Materials on Racism in Criminal Procedure***, (Vandeplas 2021)

The Presence of Race in the Criminal Justice System Before and after the Civil War

    Case Book pages 3 - 28

        Dred Scot v. Sanford

        ***The Dredd Scott Decision; Speech by Frederick Douglass***

        *Armistad* – In Class Presentation

        United States v. Amy

Race, Criminal Justice and the Fourteenth Amendment

    Casebook pages 29-49

        Brown v. Mississippi

        Powell v. Alabama

        ***Scottsboro: An American Tragedy*** (in class presentation)

*Race and Interrogation*

    *Casebook pages 50-86*

        Brown v. Mississippi (re-visited)

        Chambers v. Florida

        Lyons v. Oklahoma

        Haley v. Ohio

        ***The Central Park Five*** (in class presentation)

        Davis v. North Carolina

        Wright v. Pennsylvania

*Race and the Fourth Amendment*

    *Probable Cause to Seize, casebook pages 87 – 97*

        *Davis v. Mississippi*

        *Whren v. United States*

    *Race and the Determining the Existence of Seizure casebook pages 98 – 111*

        *California v. Hodari*

        *United States v. Mendenhall*

    *Race and Consent to Search, casebook pages 111-117*

        *Bumper v. North Carolina*

        *In Re J.M.*

    *Race and Stop and Frisk casebook pages 118-198*

*Brief for the NAACP in Terry v. Ohio*

*Illinois v. Wardlow*

*Brief for the NAACP in Illinois v. Wardlow*

*Utah v. Strieff, Sotomayor Dissent*

*Floyd v. City of New York*

***Cops expose NYPD's Stop and Frisk Program (part 1)*** (in class presentation)

***Cops expose NYPD's Stop and Frisk Program (part 2) (in*** class presentation)

*Racial Profiling casebook pages 198-228*

*United States v. Brignoni-Ponce*

*United States v. Martinez-Fuerte*

*Maryland State Conference of the NAACP Branches v. Maryland Department of the State Police*

*Kolendar v. Lawson*

***Racial Profiling and Law Enforcement: America in Black and White*** (in class presentation)

*Race and Unreasonable Seizure – the Use of Deadly Force casebook pages 229 – 265*

*Tennessee v. Garner*

*Torres v. Madrid, 592 U.S. ___ (2021)* (TWEN PAGE)

*Graham v. Conner*

*Baxter v. Bracey*

*Race and National Security casebook pages 266 – 279*

*Korematsu v. United States*

*Rasul v. Bush*

***Supreme Court Landmark Case Korematsu v. United States*** (in class presentation)

***Race and the Charging Decision***

*The Decision Not to Prosecute casebook pages 279 – 298*

***A Nation of Law? : Eyes on the Prize Episode 12*** ( in class presentation)

*Inmates of Attica Correctional Facility v. Rockefeller*

*United States v. Cox*

*NAACP v. Levi*

*The Decision to Prosecute: The Selective Prosecution Defense*

  *United States v. Armstrong*

  *United States v. Jackson*

  *United States v. Davis*

  *Yick Wo v. Hopkins*

*Race and the Grand Jury*

  *Challenging the Racial Composition of the Grand Jury casebook pages 358 - 393*

   *Strauder v. West Virginia*

   *Cassell v. Texas*

   *Campbell v. Louisiana*

   *Vasquez v. Hillery*

   *Castaneda v. Partida*

  *Race and Selection of the Grand Jury Foreperson casebook pages 394-415*

   *Rose v. Mitchell*

   *Hobby v. United States*

*Race and Pretrial Release, casebook pages 418-471*

  *Kinney v. Lenon*

  *United States v. Zarrab*

  *United States . Awadallah*

*Race and Effective Assistance of Counsel casebook pages 472 – 525*

  *Public Defender, Eleventh Judicial Circuit of Florida v. Eleventh Judicial Circuit of Florida*

  *Buck v. Davis*

  *Ellis v. Harrison*

  *United States v. Seale*

  ***Murder on a Sunday Morning*** *(in class presentation)*

*Race and Jury Selection casebook pages 526 – 625*

  *The Fair Cross Section Requirement*

   *Taylor v. Louisiana*

   *Berghuis v. Smith*

8

*Holland v. Illinois*

*Challenges for Cause and Peremptory Challenges*

 *Ham v. South Carolina*

 *Tristaino v. Ross*

 *Turner v. Murray*

 *Rosales-Lopez v. United States*

 *Batson v. Kentucky*

 *Powers v. Ohio*

 *Flowers v. Mississippi*

 *United States v. Barber*

*Race and Eyewitness Identification casebook pages 626-693*

 *Constitutional Challenges to Lineups, Showup and Photographic identification*

  *United States v. Jones*

  *State v. Artis*

  *State v. Henderson*

 *Jury Instructions on Cross-Racial Misidentification*

  *State v. Cromedy*

  *Perez v. Glover*

  *United States v. Ingram*

  *State v. Allen*

 *The Use of Expert Testimony on Cross-Racial Misidentification*

  *Brodes v. State*

  *State v. Copeland*

*Prosecutorial Misconduct: Appealing to Jury Racism casebook pages 694-729*

 *People v. Robinson*

 *United States v. Grey*

 *State v. Guthrie*

 *State v. Kirk*

 *United States v. McKendrick*

 *Miller v. North Carolina*

*Race and Jury Misconduct casebook pages 762-802*

*United States v. Benally*

*United States v. Henley*

*Pena-Rodriguez v. Colorado*

*Tharpe v. Sellers*

*Race and Sentencing casebook pages 803-860*

    *Death Penalty*

        *Mccleskey v. Kemp*

        *State v, Loftin*

        *Furman v. Georgia*

        *United States v. Barnes*

    *Disproportionate Sentencing*

        *United States v. Blewett*

        *Dorsey v. United States*

        ***Race on Trial*** *( in class presentation)*

Ex. C

# Cases and Materials on Combatting Racism in Criminal Procedure

**LeRoy Pernell**
Professor of Law
Florida Agricultural and Mechanical University
College of Law
Professor Emeritus, Northern Illinois University
College of Law

**Omar Saleem**
Professor of Law
Florida Agricultural and Mechanical University
College of Law

# Table of Contents

INTRODUCTION ........................................................................................................................... 12

**Race and Crime in America ....................................................................................................... 13**

The Presence of Race in the Criminal Justice System Before and after the Civil War ........................... 13

Dred Scott v. Sanford ............................................................................................................... 14

60 U.S. (19 How.) 393 (1857) ................................................................................................... 14

Note.......................................................................................................................................... 21

United States v. Amy ................................................................................................................ 22

24 F. Cas. 792 (1859) ............................................................................................................... 22

Daniel John Flanigan, THE CRIMINAL LAW OF SLAVERY AND FREEDOM, 1800-1868, a Thesis Submitted in Partial fulfillment of the Requirements for the Degree of Doctor of Philosophy, Rice University, 1973, Chapter II *From Master to Magistrate* [ excerpt reprinted by permission of Dr. Daniel John Flanigan, phD] ............................................................................................................................ 28

Note.......................................................................................................................................... 47

Race, Criminal Justice and the Fourteenth Amendment – The Beginnings ........................................... 48

Brown v. Mississippi .................................................................................................................. 48

297 U.S. 278 (1936)................................................................................................................... 48

Powell v. Alabama ..................................................................................................................... 55

**287 U.S. 45 (1932)**.................................................................................................................. 55

Note.......................................................................................................................................... 71

**Chapter Two: Race and Confessions ......................................................................................... 74**

Race, Interrogation, and the Use of Physical Torture and Coercion................................................... 74

LeRoy Pernell, *Racial Justice And Federal Habeas Corpus As Postconviction Relief From State Convictions,* 69 MERCER LAW REVIEW 453, 475-477 (2018) (footnotes omitted) (excerpt)................ 74

Note.......................................................................................................................................... 75

Race and the Emergence of Psychological Coercion ..................................................................... 78

Chambers v. Florida.................................................................................................................. 78

309 U.S. 227 (1940)................................................................................................................... 78

Note.......................................................................................................................................... 84

Lyons v. Oklahoma. ................................................................................................................... 85

322 U.S. 596 (1944).................................................................................................................. 85

Note.......................................................................................................................................... 90

Haley v. Ohio. ........................................................................................................................... 92

**332 U.S. 596 (1948)**................................................................................................................ 92

Race and Miranda .............................................................................................................. 96

LeRoy Pernell, *Racial Justice and Federal Habeas Corpus As Postconviction Relief From State Convictions*, 69 MERCER LAW REVIEW  453, 478-480 (2018) (excerpt) (footnotes omitted) .............. 96

Race and Coercion After Miranda .................................................................................... 98

Davis v. North Carolina................................................................................................... 98

**384 U.S. 737 (1966)**..................................................................................................... 98

Note................................................................................................................................. 106

Supreme Court of Pennsylvania..................................................................................... 107

Wright v. Pennsylvania .................................................................................................. 107

November 13, 2008......................................................................................................... 107

E.D. Allocatur Docket 2008 ........................................................................................... 107

**Brief for Amicus Curiae**............................................................................................. 107

(footnotes omitted)....................................................................................................... 107

**Chapter Three: Race and the Fourth Amendment** ........................................................ 119

Race and Probable Cause to Seize or Arrest for Criminal Activity ............................... 119

Davis v.  Mississippi....................................................................................................... 119

**394 U.S. 721 (1969)**..................................................................................................... 119

Whren v. United States .................................................................................................. 123

517 U.S. 806 (1996)......................................................................................................... 123

Note................................................................................................................................. 131

**The Court in *Whren* states the following:** ............................................................... 131

Race and the Existence of Fourth Amendment Seizure................................................. 133

California V. Hodari D. ................................................................................................... 133

**499 U.S. 621 (1991)**..................................................................................................... 133

UNITED STATES v.  MENDENHALL. ............................................................................... 138

**446 U.S. 544 (1980)**..................................................................................................... 138

Note................................................................................................................................. 147

Race and Consent to Search........................................................................................... 148

Bumper v. State Of North Carolina ............................................................................... 148

391 U.S. 543 (1968)......................................................................................................... 148

Note................................................................................................................................. 150

In re J.M......................................................................................................................... 150

619 A.2d 497 (D.C. Ct. of App.1992) ............................................................................. 150

Race and Stop and Frisk .................................................................................................156

Supreme Court of the United States. ...........................................................................156

SIBRON v. New York ......................................................................................................156

Peters v. New York ........................................................................................................156

Terry v. Ohio .................................................................................................................156

1967 WL 113672 ...........................................................................................................156

Brief for the N.A.A.C.P. Legal Defense and Educational Fund, Inc., as Amicus Curiae .........................156

Illinois v. Wardlow. .......................................................................................................182

**528 U.S. 119 (2000)**.........................................................................................................182

Supreme Court of the United States ............................................................................186

ILLINOIS v. WARDLOW ..................................................................................................186

No. 98-1036. ..................................................................................................................186

August 9, 1999. .............................................................................................................186

BRIEF FOR THE NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC. AS AMICUS CURIAE IN SUPPORT OF RESPONDENT ..................................................................................................186

Utah v. Strieff ...............................................................................................................196

**136 S.Ct. 2056 (2016)**....................................................................................................196

Floyd v. City Of New York .............................................................................................199

959 F.Supp.2d 540 (S.D. Ny 2013)................................................................................199

Note.................................................................................................................................251

Challenging Racial Profiling – The Use of Race as Justification for Fourth Amendment Intrusion.......251

Note.................................................................................................................................251

United States v. Brignoni-Ponce. .................................................................................252

422 U.S. 873 (1975) .......................................................................................................252

United States v. Martinez-Fuerte ................................................................................259

428 U.S. 543 (1976) .......................................................................................................259

GUIDANCE FOR FEDERAL LAW ENFORCEMENT AGENCIES REGARDING THE USE OF RACE, ETHNICITY, GENDER, NATIONAL ORIGIN, RELIGION, SEXUAL ORIENTATION, OR GENDER IDENTITY .....................271

U.S. Department of Justice............................................................................................271

December 2014 ..............................................................................................................271

Combatting the Use of Racial Profiling as Motivation for Intrusion ...........................285

Note.................................................................................................................................285

Maryland State Conference of NAACP Branches v. ......................................................285

Maryland Department of State Police, ..........................................................................285

3

72 F.Supp.2d 560 (D. Maryland.) ............................................................................................... 285

Kolender v. Lawson ....................................................................................................................... 291

461 Us 352 (1983) .......................................................................................................................... 291

Race and Unreasonable Seizure – The Use of Deadly Force ................................................. 297

Tennessee v. Garner...................................................................................................................... 297

471 U.S. 1 (1985)............................................................................................................................ 297

THE STATE OF TENNESSEE.............................................................................................................. 308

v....................................................................................................................................................... 308

Cleamtee GARNER, as father and next of kin of Edward Eugene Garner, a deceased minor, Respondent-Appellee.................................................................................................................... 308

October, 1984. ............................................................................................................................... 308

**Brief of Amicus Curiae for the Respondent-Appellee** ......................................................... 308

Florida Chapter of the National Bar Association, on behalf of The National Bar Association, .............308

Graham V. Connor......................................................................................................................... 317

490 U.S. 386 (1989)........................................................................................................................ 317

Race and "No Knock" Warrants ............................................................................................. 325

Note................................................................................................................................................. 325

"Black Lives Matter", Police Violence and Proposals for Reform ........................................... 327

History of Police Racial Violence ............................................................................................ 327

The Rise of "Black Lives Matter" ........................................................................................... 329

Note, The Early History of The Black Lives Matter Movement, And the Implications Thereof, 18 NEV. L.J. 1091(2018) (excerpt)................................................................................................................ 329

Proposals for Police Reform........................................................................................................ 333

Holding Police Civilly Accountable ........................................................................................ 333

Torres v. Madrid........................................................................................................................... 333

769 Fed.Appx. 654 (10th Cir. 2019)............................................................................................... 333

Baxter v. Bracey............................................................................................................................ 337

590 U.S. ___ (2020) ........................................................................................................................ 337

Note................................................................................................................................................. 342

Race, National Security and the War on Terror ................................................................... 343

Korematsu v. United States.......................................................................................................... 343

**323 U.S. 214 (1944)**.................................................................................................................... 343

Rasul v. Bush.................................................................................................................................. 348

542 U.S. 466 (2004)........................................................................................................................ 348

**Chapter Four: Race and the Charging Decision** ................................................................................................. **358**

The Decision Not to Prosecute ................................................................................................................. 358

Inmates of Attica Correctional Facility v. Rockefeller .......................................................................... 358

477 F.2d 375 (2d Cir. 1973) ....................................................................................................................... 358

United States v. Cox .................................................................................................................................. 367

342 F.2d 167 (5th Cir. 1965) ..................................................................................................................... 367

National Association for The Advancement of Colored People v. Levi .................................................. 372

418 F.Supp. 1109 (D.C. 1976) ................................................................................................................... 372

The Decision to Prosecute: Selective Prosecution Defense ................................................................... 382

United States v. Armstrong ...................................................................................................................... 382

**517 U.S. 456 (1996)** ................................................................................................................................. **382**

United States v. Jackson ........................................................................................................................... 391

2018 WL 748372 (D. NM 2018) ................................................................................................................ 391

United States v. Davis ............................................................................................................................... 411

793 F.3d 712 (7th Cir. 2015) ..................................................................................................................... 411

Note ........................................................................................................................................................... 425

United States v. Bass ................................................................................................................................ 425

266 F.3d 532 (6th Cir. 2001) ..................................................................................................................... 425

Note ........................................................................................................................................................... 434

Yick Wo v. Hopkins ................................................................................................................................... 436

118 U.S. 356 (1886) ................................................................................................................................... 436

United States v. Clary ................................................................................................................................ 445

34 F.3d 709 (8th Cir. 1994) ....................................................................................................................... 445

Note ................................................................................................................................................................. 451

**Chapter Five: Race and the Grand Jury** .......................................................................................................... **453**

Challenging the Racial Composition of the Grand Jury ......................................................................... 453

Note ........................................................................................................................................................... 453

Strauder v. West Virginia. ........................................................................................................................ 453

100 U.S. 303 (1879) ................................................................................................................................... 453

Cassell v. Texas. ........................................................................................................................................ 461

339 U.S. 282 (1950) ................................................................................................................................... 461

Note ........................................................................................................................................................... 464

Campbell v. Louisiana ............................................................................................................................... 465

523 U.S. 392 (1998)..............................................................................................................465

Note..................................................................................................................................472

Sanchez v. State. .............................................................................................................472

147 Tex.Crim. 436 ( Tex. Ct. App.1944).........................................................................472

Note..................................................................................................................................478

Vasquez v. Hillery ............................................................................................................479

474 U.S. 254 (1986)..........................................................................................................479

|........................................................................................................................................479

Note..................................................................................................................................487

Castaneda v. Partida. ......................................................................................................488

430 U.S. 482 (1977)..........................................................................................................488

Race and the Selection of the Foreperson of the Grand Jury ...............................................498

Rose v. Mitchell ...............................................................................................................498

443 U.S. 545 (1979)..........................................................................................................498

Hobby v. United States.....................................................................................................517

468 U.S. 339 (1984)..........................................................................................................517

|........................................................................................................................................517

Race and Prosecutorial Conduct Before the Grand Jury........................................................525

Note..................................................................................................................................525

Chapter Six: Race and Pretrial Release.......................................................................... 527

Note..................................................................................................................................527

Kinney v. Lenon ...............................................................................................................529

425 F.2d 209 (9th Cir. 1970)............................................................................................529

Preventive Detention: Race and Predictions of Dangerousness.............................................532

Note..................................................................................................................................532

United States v. Zarrab ....................................................................................................534

2016 WL 3681423(S.D.N.Y. 2016)....................................................................................534

Note..................................................................................................................................553

United States v. Awadallah ..............................................................................................554

349 F.3d 42 (2nd Cir. 2003) ..............................................................................................554

Chapter Seven: Race and the Effective Assistance of Counsel............................................. 593

LeRoy Pernell, Racial Justice and Federal Habeas Corpus as Postconviction Relief from State
Convictions, 69 MERCER LAW REVIEW 453, 459-467 (2018) (excerpt)................................593

Note.................................................................................................................598

Public Defender, Eleventh Judicial Circuit of Florida v...................................600

Eleventh Judicial Circuit of Florida ...............................................................600

115 So.3d 261(Fla. 2013)..............................................................................600

Note.................................................................................................................626

Race and Effective Assistance of Counsel .....................................................627

Buck v. Davis,.................................................................................................627

137 S.Ct. 759 (2017) ....................................................................................627

Ellis v. Harrison ............................................................................................646

91 F.3d 1160 (9th Cir. 2018).........................................................................646

Note.................................................................................................................653

United States v. Seale....................................................................................653

461 F.2d 345 (7th Cir. 1972)........................................................................653

Chapter Eight: Race and Jury Selection..................................................... 661

Note.................................................................................................................661

Race and the Fair Cross-Section Requirement...............................................661

Taylor v. Louisiana .......................................................................................661

419 U.S. 522 (1974)......................................................................................661

Note.................................................................................................................670

Berghuis v. Smith...........................................................................................670

559 U.S. 314 (2010)......................................................................................670

Note.................................................................................................................682

Race and the Fair Cross-section Requirement: Petit Juries ...........................682

Holland v. Illinois. .........................................................................................682

493 U.S. 474 (1990)......................................................................................682

Note.................................................................................................................691

Challenging Juror Selection for Cause and Peremptory Challenges ..............693

Challenging Potential Jurors for Cause Based on Racial Attitudes ...........693

Note.................................................................................................................693

Ham v. South Carolina...................................................................................694

409 U.S. 524 (1973)......................................................................................694

Tristaino v. Ross ...........................................................................................700

424 U.S. 589 (1976) .....................................................................................700

Turner v. Murray ................................................................................................704

476 U.S. 28 (1986) ..............................................................................................704

Rosales-Lopez v. United States ..........................................................................710

451 U.S. 182 (1981) ............................................................................................710

Race and Peremptory Challenging Jurors During Voir Dire ...............................718

Note......................................................................................................................718

Batson v. Kentucky. ............................................................................................719

476 U.S. 79 (1986) ..............................................................................................719

Powers v. Ohio. ..................................................................................................730

499 U.S. 400 (1991) ............................................................................................730

Note......................................................................................................................743

Flowers v. Mississippi ........................................................................................745

588 U. S. _____ (2019) | .....................................................................................745

Conducting Voir Dire of Potential Jurors as to Racial Attitudes........................769

United States v. Barber .......................................................................................769

80 F.3d 964 (4th Cir. 2019) .................................................................................769

Note......................................................................................................................775

**Chapter Nine: Race and Corporeal Identification** ..............................................**784**

Note......................................................................................................................784

Race and Constitutional Challenges to Lineup, Show-up and Photographic Identifications...............784

Note......................................................................................................................784

United States v. Jones .........................................................................................785

762 F.Supp.2d 270 (D. Mass 2010)......................................................................785

State v.Artis ........................................................................................................787

47 A.3d 419 (App. Ct. Conn. 2012)......................................................................787

Note......................................................................................................................804

State v. Henderson ..............................................................................................804

27 A.3d 872 (N.J. 2011) ......................................................................................804

Note......................................................................................................................820

Jury Instructions on Cross-Racial Misidentification ..........................................821

State v. Cromedy .................................................................................................821

727 A.2d 457 (N.J. 1999) ....................................................................................821

Note......................................................................................................................837

Perez v. Glover ........................................................................................................................838

2012 WI 481122 (D. Nj 2012) ................................................................................................838

Note..........................................................................................................................................841

United States v. Ingram..........................................................................................................841

600 F.2d 260 (10th Cir. 1979) ................................................................................................841

............................................................................................................................................843

State v. Allen ...........................................................................................................................843

76 Wash.2d 611 (2013) ..........................................................................................................843

Expert Testimony on Cross-Racial Identification .................................................................851

Note..........................................................................................................................................851

Brodes v. State. .......................................................................................................................854

250 Ga.App. 323 (2002) .........................................................................................................854

Note..........................................................................................................................................856

**State v. Coley, 32 S.W. 3d 831 (Tenn. 2000), referred to in the ABA Report as holding that expert testimony on the challenges of cross-racial identification was per se inadmissible, was overturned in the following case. ................................................................................856**

State v. Copeland. ...................................................................................................................856

226 S.W.3d 287 (Tenn. 2007)................................................................................................856

Note..........................................................................................................................................866

**Chapter Ten: Prosecutorial Misconduct and the Appealing to Racial Prejudice .................... 867**

Note..........................................................................................................................................867

Opening Statements.........................................................................................................869

People v. Robinson ..................................................................................................................869

2019 WI 6693197 ( Colo. 2019)............................................................................................869

Note..........................................................................................................................................876

Cross Examination ..................................................................................................................876

United States v. Grey ..............................................................................................................876

422 F.2d 1043 (6th Cir. 1970)................................................................................................876

Note..........................................................................................................................................878

STATE v. GUTHRIE ....................................................................................................................879

194 W.Va. 657 (1995)..............................................................................................................879

Summation/Closing Arguments .............................................................................................888

Note..........................................................................................................................................888

STATE v.  KIRK ..........................................................................................................................888

157 Idaho 809 (Ct. App.2014) ...................................................................888

Note...........................................................................................................896

UNITED STATES v. McKENDRICK ...............................................................897

481 F.2d 152 ( 2nd Cir. 1973)......................................................................897

Note...........................................................................................................902

Miller, v. North Carolina.............................................................................902

583 F.2d 701 (4th Cir. 1978) .......................................................................902

**Chapter Eleven: Race and Witness Testimony**.............................................**910**

Note...........................................................................................................910

United States v. Dow..................................................................................910

Case No. 14,990, Taney, 34 ( Cir. Ct. Md. 1840) ........................................910

Note...........................................................................................................915

State v. Monday .........................................................................................916

171 Wash.2d 667 (2011) ............................................................................916

Note...........................................................................................................926

McFarland v. SMITH ...................................................................................926

611 F.2d 414 (2nd Cir. 1979)........................................................................926

Note...........................................................................................................933

**Chapter Twelve: Race and Change of Venue** ...............................................**934**

Note...........................................................................................................934

Lozano v. State ..........................................................................................936

584 So.2d 19 (3rd Dist. Ct. App. 1991) ........................................................936

Note...........................................................................................................939

Mallett v. State...........................................................................................939

769 S.W.2d 77 (Mo. 1989) .........................................................................939

**Chapter Thirteen: Race and Jury Misconduct During Deliberations**..............**949**

Note...........................................................................................................949

United States v. Benally .............................................................................950

546 F.3d 1230 (10th Cir. 2008).....................................................................950

UNITED STATES v. HENLEY .........................................................................963

238 F.3d 1111 (9th Cir. 2001).......................................................................963

Note...........................................................................................................978

Peña–Rodriguez v. Colorado.......................................................................979

137 S.Ct. 855 (2017) .............................................................................................979

Note.........................................................................................................................994

Tharpe v. Sellers ...................................................................................................994

138 S.Ct. 545 (2018) .............................................................................................994

**Chapter Fourteen: Race and Sentencing............................................................ 997**

Race, Eight Amendment, Equal Protection and the Death Penalty..................997

Note.........................................................................................................................997

Mccleskey v.  Kemp ...............................................................................................998

**481 U.S. 279 (1987)...............................................................................................998**

State v. Loftin ......................................................................................................1028

146 N.J. 295 (1996) .............................................................................................1028

Note.......................................................................................................................1032

Furman v.  Georgia. .............................................................................................1032

408 U.S. 238 (1972) .............................................................................................1032

United States v. Barnes.......................................................................................1036

532 F.Supp.2d 625 ( S.D. NY 2008) ...................................................................1036

Note.......................................................................................................................1040

Race and Disproportionate Sentencing in Drug Cases....................................1042

United States v. Blewett.......................................................................................1042

Brief of Amicus Curiae NAACP Legal Defense & Educational Fund, Inc. in Support of Defendants-Appellants 2013 WL 5304321 (6th Cir. 2013) ..........................................................1042

Dorsey v. United States........................................................................................1051

576 U.S. 260 (2012) .............................................................................................1051

# Cases and Materials on Combatting Racism in Criminal Procedure

### LeRoy Pernell

### Omar Saleem

INTRODUCTION

**Most text implicitly foster a disconnect between the history of the significance of race in American society and the implementation and the development of modern, constitution-based criminal procedure**

**While brilliant work has been done on the impact of race on specific stages of the criminal process, such as jury selection and racial profiling, this work looks at the casual and pervasive impact of what W.E. B. Dubois termed as ( the "color line")the most significant problem of the twentieth century.**

**Racism and criminal procedure did not develop along two separate paths that occasionally crossed each other, but instead grew intertwined as a cause and effect that is only now seeing the full light of day.**

**As an organizational framework for this book it will first look at the functioning of the criminal justice system as part of American Slavery and race-based suppression.  From there we will look at how race during reconstruction , the criminal justice implementation of Black Code "Jim Crow" laws, lynching, race-based terrorism, prior and during the civil rights movement, and finally, as context and prelude to an examination  of due process implications of specific stages of criminal process and the current challenges of mass incarceration.**

**Along the way and as appropriate discussion of issues of race and criminal procedure will expand beyond the pervasive issue of racial treatment of African Americans to include the significance of race in the criminal process**