UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEROY PERNELL, et al.,

    Plaintiffs,

v.

Case No.: 4:22-cv-304-MW-MAF

FLORIDA BOARD OF GOVERNORS OF
THE STTE UNIVERSITY SYSTEM et al.,

    Defendants.

## JOINT REPORT OF RULE 26(f) CONFERENCE

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Order (ECF No. 34), the parties file their joint report of their case management conference as follows:

1. The parties conducted the Fed. R. Civ. P. 26(f) conference by videoconference on September 28, 2022 and will be submitting a joint report to this Court by the deadline of October 12, 2022.

    a. Plaintiffs were represented at the conference by Katherine Blankenship and Caroline McNamara of American Civil Liberties Union Foundation of Florida, Inc.

    b. Defendants were represented at the conference by John Ohlendorf, Megan Wold, and John Ramer of Cooper & Kirk, PLLC.

2. **Nature of Claims and Defenses.**

    a. Plaintiffs assert that the challenged statute imposes viewpoint-based restrictions on Plaintiffs' freedom of speech and Plaintiff Dauphin's right to receive information, in violation of the First Amendment of the U.S. Constitution. The challenged statute also violates the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution because the statute is impermissibly vague, and the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution because the statute was enacted for a racially discriminatory purpose.

    b. Defendants assert that all of Plaintiffs' claims fail as a matter of law, that Plaintiff Dunn lacks standing on all claims because the Individual Freedom Act does not apply to his bus tour, and that Plaintiffs lack standing to challenge the Act's first, third, fifth, sixth, and seventh concepts.

3. **Magistrate Judge Jurisdiction.** The parties conferred and stipulate that neither party consents to the jurisdiction of a Magistrate Judge for disposition of the claims or defenses.

4. **Motions to Dismiss.** Defendants filed a Motion to Dismiss on September 22, 2022 (ECF No. 51). Plaintiffs filed their Opposition on October 4, 2022 (ECF No. 55). Defendants plan to file an answer if the Court does not

dismiss the case, with timing based on the Court's resolution of the Motion to Dismiss.

5. **Joinder and Amendment.** The parties stipulate to a deadline of December 2, 2022 for the joinder of any additional parties and amendments to the Complaint, subject to later order of the Court on Defendants' pending Motion to Dismiss (ECF No. 51).

6. **Initial Disclosures.** The parties stipulate that they will exchange initial disclosures by the deadline of October 12, 2022.

7. **Discovery Plan.** The parties stipulate to the following terms for discovery and respectfully request that the Court modify the Initial Scheduling Order (ECF No. 34) to reflect these modified dates:

   a. **Subject of discovery:** Discovery will be needed on matters related to the claims of Plaintiffs and the defenses of Defendants.

   b. **Timing of discovery:** The parties have already commenced discovery. Plaintiffs sent initial requests for production on September 27, 2022. The Parties anticipate that discovery will require more time than initially anticipated in the Court's Initial Scheduling Order (ECF No. 34) due to the number of parties, the anticipated volume of discovery, and the need to thoroughly review and confer prior to the close of the discovery deadline. The Parties will continue to diligently

work to complete discovery in good faith and respectfully request an extension to the discovery deadline of March 31, 2023.

c. **Interrogatories:** Interrogatories will be served as provided by Fed. R. Civ. P 33 and N.D. Fla. Loc. R. 26.1.

d. **Requests for Admission:** Requests for admission will be served as provided by Fed. R. Civ. P 36 and N.D. Fla. Loc. R. 26.1.

e. **Requests for Production:** Requests for production will be served as provided by Fed. R. Civ. P 34 and N.D. Fla. Loc. R. 26.1.

f. **Depositions:** Depositions will be conducted as provided by Fed. R. Civ. P 30 and N.D. Fla. Loc. R. 26.1.

g. **Expert Disclosures and Reports:** The parties agree that expert disclosures and reports will be circulated 60 days before the close of discovery, which would be Jan. 30, 2023 should the Court grant the Parties' request for an extension of the discovery deadline. Rebuttal expert reports will be circulated 30 days after expert disclosure and reports. Disclosure of experts and reports will follow Fed. R. Civ. P. 26(a)(2).

h. **Supplementation under Rule 26(e):** The parties agree to inform opposing parties within 15 days of learning that a disclosure is incomplete or incorrect, if the additional or corrective information has

not otherwise been made known to the other parties during the discovery process or in writing.

8. **Document Production.**

    a. **Electronically Stored Information (ESI) Protocol:** Each Party is likely to request or produce information from electronic or computer-based media limited to data reasonably available to the Parties in the ordinary course of business. The Parties agree to take reasonable measures to preserve potentially discoverable data from alteration or destruction.

    The Parties agree to produce electronic data in the form of single page images and multipage text files with associated image and data load files; however, electronic files that do not produce reasonably understandable images (e.g., spreadsheets, databases and audio/video files) will be produced in their native format. Electronic data will include the following fields or comparable named fields of metadata where available:

    Begin Bates

    End Bates

    Begin Attachment

    End Attachment

MD5 Hash

Email From

Email To

Email CC

Email BCC

Email Subject

Title

Author

Created Date/Time

Last Modified Date/Time

Email Received Date/Time

Sent Date/Time

Record Type

File Extension

Extracted Text

FILE_PATH

      Electronic data will be produced via email, file hosting or file sharing service, delivery of a data storage device (e.g., CD, DVD, USB drive, hard drive, etc.). To the extent ESI is requested or produced during the course of this litigation, it shall be limited to data

reasonably available to the parties in the ordinary course of business. The Parties will work to narrow the issues related to ESI, including the preparation of necessary confidentiality agreements, if any. Should either party inadvertently produce privileged information that information shall immediately be returned to the producing party pursuant to the Clawback provision set forth below.

      The Parties agree that documents shall be produced in PDF format via email, mutually agreeable file sharing service, CD or thumb drive (unless specific documents are requested to be produced in native or other format). The Parties reserve the right to object to the authenticity of individual documents to the extent a party deems the authenticity of that document at issue.

b. **Privilege Log:** The parties have agreed that whenever a claim of privilege or work product is asserted, it shall be supported by a privilege log as described in Fed. R. Civ. P. 26(b)(5). In the case of answers to interrogatories and productions of documents, the privilege log shall be produced within 30 days after the answers to interrogatories are served or documents are produced.

c. **Protective Order:** The parties will evaluate the potential need for a protective order to protect confidential disclosures upon evaluating the

respective discovery requests. If either party desires a protective order based on the discovery requests, the parties will negotiate in good faith the terms of a protective order and will submit it to the Court for approval.

   d. **Clawback:** Any inadvertent inclusion of privileged material in any disclosure or discovery response shall not result in a waiver of any associated privileged nor result in a subject matter waiver of any kind. A party who receives information which appears to be privileged shall immediately inform the producing party and shall, upon request (1) immediately return all inadvertently produced information; (2) shall refrain from using or relying on such information; and (3) shall destroy all copies or versions of the information.

9. **Further Scheduling.**

   a. **Scheduling conference:** The parties do not request a scheduling conference, but the parties will attend a scheduling conference should the Court request one to resolve questions of modification of the Initial Scheduling Order (ECF. No. 34) as requested in this Joint Report.

   b. **Dispositive Motions:** Summary Judgment and other dispositive motions will be due 45 days after the close of discovery, May 15,

2023, with 45 days after filing of motions to file oppositions, and then 30 days after oppositions to file replies.

c. **Pretrial conference:** The parties agree to leave the timing of pre-trial conference to be determined after scheduling of dispositive motions.

d. **Motions in Limine and Other Evidentiary Motions:** The parties agree to leave the timing of pre-trial motions to be resolved after dispositive motions, potentially to be resolved by August 1, 2023.

e. **Exhibit and Witness Lists and Deposition Designations:** The parties agree, as with Motions in Limine and Other Evidentiary Motions, to resolve the timing after the close of dispositive motions, potentially to be resolved by August 1, 2023.

f. **Trial:** The parties agree to schedule trial in September 2023. This additional time is needed to accommodate the discovery identified above; to account for Defense counsel's significant ongoing time commitments in the three other cases challenging the Individual Freedom Act, *Falls v. DeSantis*, No. 22-cv-166 (N.D. Fla.), *Honeyfund.com, Inc. v. DeSantis*, No. 22-13135 (11th Cir.), and *Novoa v. Diaz*, No. 22-cv-324 (N.D. Fla); and to avoid a conflict with the anticipated trial date in *Giuffre v. Dershowitz*, No. 19-cv-3377 (N.Y.S.D.), in which one of the Defendants' lead counsel, Charles J.

Cooper, is also serving as lead counsel, and which will consume much of Mr. Cooper's time and attention in the coming months.

10. **Settlement Prospects and Alternative Dispute Resolution.** Plaintiffs are amenable to alternative dispute resolution or another procedure that may enhance the prospects for settlement. Defendants do not believe that Plaintiffs' claims lend themselves to resolution through alternate dispute resolution or settlement. No monetary damages are sought by Plaintiffs. Defendants do not believe they can agree to settlement of claims seeking injunctive relief.

11. **Additional Issues.**

    a. **Board of Governors Regulation 10.005:** The parties stipulate that the Court may take judicial notice that BOG Regulation 10.005 has become final and effective subsequent to the filing of Plaintiffs' Complaint. The final regulation should be taken into consideration as the Court evaluates Plaintiffs' Motion for Preliminary Injunction (ECF No. 12).

    b. **Stay of Proceedings Pending Interlocutory Appeal of Preliminary Injunction:** If the Court grants Plaintiffs' Motion for Preliminary Injunction (ECF No. 12), Defendants plan to seek interlocutory review in the Eleventh Circuit Court of Appeals. During the pendency

of such appeal, Defendants will also seek to stay further proceedings in this Court. Plaintiffs will agree to stay dispositive rulings and deadlines, but Plaintiffs would continue discovery during the pendency of any interlocutory appeals.

Respectfully submitted,

/s/ Caroline A. McNamara
**Caroline A. McNamara**
Fla. Bar No. 1038312
**Katherine H. Blankenship**
Fla. Bar. No. 1031234
ACLU Found. of Fla.
4343 W. Flagler St., Suite 400
Miami, FL 33134
T. 786.363.1392
cmcnamara@aclufl.org
T. 786.363.1871
kblankenship@aclufl.org


**COUNSEL FOR PLAINTIFFS**


/s/ Charles J. Cooper
Charles J. Cooper (Bar No. 248070DC)
John D. Ohlendorf (*Pro Hac Vice*)
Megan M. Wold (*Pro Hac Vice*)
John D. Ramer (*Pro Hac Vice*)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C.  20036
Telephone:  (202) 220-9600
Facsimile:  (202) 220-9601
ccooper@cooperkirk.com
johlendorf@cooperkirk.com

mwold@cooperkirk.com
jramer@cooperkirk.com

**COUNSEL FOR DEFENDANTS**