IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**LEROY PERNELL,**
**et al.,**

    *Plaintiffs*,

v.                                                 Case No.: 4:22cv304-MW/MAF

**FLORIDA BOARD OF GOVERNORS**
**OF THE STATE UNIVERSITY**
**SYSTEM, et al.,**

    *Defendants*.
_____/

## ORDER ON MOTION TO DISMISS

This Court has considered, without hearing, Defendants' motion to dismiss. ECF No. 51. Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1), asserting Plaintiffs' complaint fails to adequately allege facts establishing their standing to proceed. Additionally, Defendants move to dismiss Plaintiffs' claims on the merits under Federal Rule of Civil Procedure 12(b)(6). For the reasons set out below, Defendants' motion is **GRANTED in part** and **DENIED in part.**

I

As it must, this Court first addresses threshold jurisdictional issues. A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction "can be asserted on either facial or factual grounds." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*,

572 F.3d 1271, 1279 (11th Cir. 2009) (citation omitted). Here, Defendants raise a facial attack on the sufficiency of Plaintiffs' allegations to establish standing. Accordingly, Plaintiffs retain the "safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised." *McElmurray v. Cons. Gov. of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). That is, this Court must consider the complaint's allegations as true and "merely . . . look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction . . . ." *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).

To establish standing, Plaintiffs must show (1) that they have suffered an injury-in-fact that is (2) traceable to Defendants and that (3) can likely be redressed by a favorable ruling. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). And they must do so for each statutory provision they challenge. *See, e.g.*, *CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1273 (11th Cir. 2006) (emphasizing that courts have an "independent obligation . . . to ensure a case or controversy exists as to each challenged provision even in a case where the plaintiffs established harm under one provision of the statute"). By separate order, this Court engaged in a granular provision-by-provision analysis to determine whether Plaintiffs had established standing to proceed with respect to each of the challenged

statutory provisions. *See Pernell v. Fla. Bd. of Govs. of the State Univ. Sys.*, --- F. Supp. 3d ---, 2022 WL 16985720, at *21–33 (N.D. Fla. Nov. 17, 2022). This Court determined that the Plaintiffs—save Dr. Dunn and Ms. Dauphin—had established standing for purposes of a preliminary injunction against the members of the Board of Governors as to each of the eight concepts, such that those Plaintiffs could proceed with respect to each of the statutory provisions at issue for their free speech and due process claims. Given that this Court applied a heightened burden of establishing standing at the preliminary-injunction stage, *see id*. at *14, these Plaintiffs have certainly established standing to proceed against the members of the Board of Governors at the pleading stage.

With respect to Dr. Dunn, he failed to come forward with evidence establishing, at the preliminary-injunction stage, that he provided training or instruction during his Black history bus tour and was thus covered by the challenged law. *Id*. at *21. However, the complaint's factual allegations—and all reasonable inferences drawn therefrom—establish that his speech is arguably proscribed by the Individual Freedom Act's (IFA's) prohibited concepts concerning the promotion or endorsement of various forms of race consciousness. *See, e.g.*, ECF No. 1 ¶¶ 28–30.

Similarly, Ms. Dauphin failed to come forward with evidence to establish standing at the preliminary injunction stage. 2022 WL 16985720, at *30–31. However, her factual allegations—and all reasonable inferences drawn therefrom—

3

demonstrate that her professors' speech is arguably proscribed by the IFA and that the chill resulting from that arguable proscription denies her the right to receive information that she otherwise would have received but for enforcement of the IFA. *See, e.g.*, ECF No. 1 ¶¶ 31–33. Both Dr. Dunn's and Ms. Dauphin's alleged injuries are similarly traceable to the members of the Board of Governors and redressable by an injunction against them which prohibits enforcement of the challenged provisions under the IFA. But, as this Court emphasized in its order on the motion for preliminary injunction, Plaintiffs will face a heightened burden to prove standing at later stages of this case. If they are unable to marshal the evidence necessary to prove standing for any of their claims or any of the challenged provisions, further relief—if any—will be limited to that for which they have proved both standing and entitlement on the merits.

As this Court noted in its order on the motion for preliminary injunction, Plaintiffs' injuries are (1) traceable to the members of the Board of Governors, in their official capacities, and to Manny Diaz, Jr., as Commissioner of the Florida Board of Education and a member of the Board of Governors, and (2) redressable by enforcement of an injunction against them. 2022 WL 16985720, at *27–30. However, Plaintiffs were unable to demonstrate a likelihood of success with respect to traceability and redressability against the various Boards of Trustees, as entities, because their claims against these entities "are likely barred by sovereign immunity

under the Eleventh Amendment." *Id*. at *29. As the Eleventh Circuit has recognized, "given how tightly Florida's government controls its public education system," Boards of Trustees of Florida's community colleges and state universities are considered "arms of the state" for Eleventh Amendment purposes. *Univ. of S. Fla. Bd. of Trustees v. Comentis, Inc.*, 861 F.3d 1234, 1237 (11th Cir. 2017) (listing cases). Accordingly, the Eleventh Amendment bars Plaintiffs' claims against the Boards of Trustees "regardless of whether [they] seek[] money damages or prospective injunctive relief." *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) (citing *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). The same is true with respect to Plaintiffs' claims against the Board of Governors as an entity, as opposed to Plaintiffs' official-capacity claims against the members of the Board of Governors.

Accordingly, Defendants' motion to dismiss, ECF No. 51, is **GRANTED in part**. Plaintiffs' claims against the Boards of Trustees and the Board of Governors, as entities, are **DISMISSED** on Eleventh Amendment grounds. Next, this Court considers whether Plaintiffs have alleged a plausible Equal Protection claim.

II

As indicated above, Plaintiffs have standing to challenge enforcement of the IFA by the members of the Board of Governors. This Court next addresses

Case 4:22-cv-00304-MW-MAF   Document 64   Filed 11/22/22   Page 6 of 8

Defendants' 12(b)(6) arguments for dismissal with respect to Plaintiffs' Equal Protection claim.

In evaluating Defendants' motion, this Court accepts the allegations in the complaint as true and construes them in the light most favorable to Plaintiffs. *See Hunt v. Amico Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). "To withstand a motion to dismiss under Rule 12(b)(6), a complaint must include 'enough facts to state a claim to relief that is plausible on its face.' " *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A 'claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Plaintiff's allegations must amount to 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550 U.S. at 555).

Here, Defendants challenge the sufficiency of Plaintiffs' allegations with respect to their claim that the IFA violates the Equal Protection Clause by intentionally discriminating against African Americans. ECF No. 51-1 at 21–36. To determine whether a facially neutral law violates the Fourteenth Amendment, this Court must apply a two-prong analysis. *Greater Birmingham Ministries v. Sec'y of State of Ala.*, 992 F.3d 1299, 1321 (11th Cir. 2021). Plaintiffs must first show that the law has both "a discriminatory purpose and effect." *Id*. (quoting *Burton v. City*

6

*of Belle Glade*, 187 F.3d 1175, 1188–89) (11th Cir. 1999)). Once Plaintiffs satisfy the first prong, "the second prong provides that 'the burden shifts to the law's defenders to demonstrate that the law would have been enacted without [this racial discrimination] factor.' " *Greater Birmingham Ministries*, 992 F.3d at 1321. (citations omitted).

To address the first prong, this Court must apply the multi-factor approach set out in *Village of Arlington Heights v. Metropolitan Housing Development Corporation*, 429 U.S. 252 (1977). Here, Defendants overextend by asking this Court to resolve, on a motion to dismiss, claims that require this Court to undertake a complex, fact-intensive inquiry. Upon review of the allegations in the complaint, Plaintiffs have alleged at least some facts addressing every factor under *Arlington Heights*. Given that the question is whether this Court can infer a discriminatory purpose given the totality of the circumstances, and that no one factor is dispositive, Plaintiffs have done enough at the pleading stage. This does not mean that they can ultimately *prove* what they allege. But at the pleading stage, Plaintiffs have done enough.

### III

Finally, Defendants move to dismiss Plaintiffs' free speech and vagueness claims—incorporating by reference the same merits arguments Defendants asserted in opposition to Plaintiffs' motion for preliminary injunction. ECF No. 51-1 at 20–

7

21. This Court rejects Defendants arguments that (1) the First Amendment does not apply to professors' in-class speech, (2) this is simply a permissible regulation of curriculum, and (3) the State of Florida has a compelling interest to enforce a viewpoint-discriminatory ban on speech. *See generally Pernell*, 2022 WL 16985720. Construing Plaintiffs' allegations as true and viewing them in the light most favorable to Plaintiffs, Plaintiffs have certainly alleged plausible claims for relief under the First and Fourteenth Amendments. Accordingly, for these reasons, Defendants' motion to dismiss, ECF No. 51, is **DENIED in part** with respect to their request to dismiss Plaintiffs' claims under Rule 12(b)(6).

Plaintiffs' official-capacity claims against the members of the Florida Board of Governors may proceed. Plaintiffs' claims against the Florida Board of Governors, as an entity, and the various Boards of Trustees, as entities, are barred by the Eleventh Amendment and, thus, **DISMISSED without prejudice**.[1]

**SO ORDERED on November 22, 2022.**

s/Mark E. Walker<br>**Chief United States District Judge**

---

[1] "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley*, 524 F.3d at 1232 (citing *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984)).