## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

| | |
|---|---|
| LEROY PERNELL, et al., | |
| *Plaintiffs*, | |
| v. | Case No. 4:22-cv-304-MW/MAF |
| BRIAN LAMB, et al., | |
| *Defendants*. | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendants, by and through their counsel, make the following assertions, admissions, denials, and defenses in answer to the claims filed against them by Plaintiffs Leroy Pernell, Dana Thompson Dorsey, Sharon Austin, Shelley Park, Jennifer Sandoval, Russell Almond, Marvin Dunn, and Johana Dauphin:

1.     The allegations in paragraph 1 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, Defendants state that the Individual Freedom Act (which Plaintiffs also refer to as the Stop Wrong Against Our Kids and Employees Act, "Stop W.O.K.E. Act," or H.B. 7 (hereafter, the "Individual Freedom Act" or "Act") speaks for itself, deny any allegations inconsistent with the same, and further deny any remaining factual allegations in the paragraph.

1

2.     The allegations in paragraph 2 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, Defendants state that the Act speaks for itself, deny any allegations inconsistent with the same, and further deny any remaining factual allegations in the paragraph.

3.     The allegations in paragraph 3 are legal conclusions to which no answer is required; however, to the extent a response is required, Defendants state that the cited case speaks for itself and deny any allegations inconsistent with the same.

4.     The allegations in paragraph 4 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, Defendants state that the Act speaks for itself, deny any allegations inconsistent with the same, and further deny any remaining factual allegations in the paragraph.

5.     The bulk of the allegations in paragraph 5 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in the second sentence of paragraph 5 concerning the definition of the term "woke," and they neither admit nor deny them, though they admit that the quoted material appears in the cited sources. Defendants deny Plaintiffs' factual allegation that "When Governor DeSantis announced the legislative proposal that became the Stop W.O.K.E. Act, he stated that the purpose of the law was to create a 'woke-free state

of Florida.'" The press release cited by Plaintiffs attributes that statement to Lieutenant Governor Jeanette Nuñez. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in the remainder of the paragraph and they neither admit nor deny them.

6.     The allegations in paragraph 6 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, Defendants state that the Act speaks for itself, deny any allegations inconsistent with the same, and further deny any remaining factual allegations in the paragraph.

7.     The allegations in paragraph 7 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, Defendants state that the Act speaks for itself, deny any allegations inconsistent with the same, and further deny any remaining factual allegations in the paragraph.

8.     No answer is required to the legal allegations in paragraph 8; however, to the extent a response is required, Defendants state that the Act speaks for itself and deny any allegations inconsistent with the same. Plaintiffs lack sufficient information to form a belief as to the truth of the factual allegations in the remainder of the paragraph and they neither admit nor deny them.

9.     The allegations in paragraph 9 are Plaintiffs' legal conclusions to which no answer is required.

## PARTIES

10.     Defendants admit that Florida A&M University College of Law is a law school at a historically Black university. Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in paragraph 10, and they neither admit nor deny them.

11.     Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 11, and they neither admit nor deny them.

12.     The allegations in paragraph 12 include legal conclusions to which no answer is required; however, to the extent a response is required, Defendants state that the Act speaks for itself and deny any allegations inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 12, and they neither admit nor deny them.

13.     Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 13, and they neither admit nor deny them.

14.     Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 14, and they neither admit nor deny them.

15.     The allegations in paragraph 15 include legal conclusions to which no answer is required; however, to the extent a response is required, Defendants state that the Act speaks for itself and deny any allegations inconsistent with the same.

Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 15, and they neither admit nor deny them.

16.     Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 16, and they neither admit nor deny them.

17.     Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 17, and they neither admit nor deny them.

18.     The allegations in paragraph 18 include legal conclusions to which no answer is required; however, to the extent a response is required, Defendants state that the Act speaks for itself and deny any allegations inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 18, and they neither admit nor deny them.

19.     Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 19, and they neither admit nor deny them.

20.     Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 20, and they neither admit nor deny them.

21.     Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 21, and they neither admit nor deny them.

22.     Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 22, and they neither admit nor deny them.

23.     Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 23, and they neither admit nor deny them.

24.     The allegations in paragraph 24 include legal conclusions to which no answer is required; however, to the extent a response is required, Defendants state that the Act speaks for itself and deny any allegations inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 24, and they neither admit nor deny them.

25.     Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 25, and they neither admit nor deny them.

26.     The allegations in paragraph 26 include legal conclusions to which no answer is required; however, to the extent a response is required, Defendants state that the Act speaks for itself and deny any allegations inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 26, and they neither admit nor deny them.

27.     Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 27, and they neither admit nor deny them.

28.     The allegations in paragraph 28 include legal conclusions to which no answer is required; however, to the extent a response is required, Defendants state that the Act speaks for itself and deny any allegations inconsistent with the same.

Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 28, and they neither admit nor deny them.

29.    The allegations in paragraph 29 include legal conclusions to which no answer is required; however, to the extent a response is required, Defendants state that the Act speaks for itself and deny any allegations inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 29, and they neither admit nor deny them.

30.    Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 30, and they neither admit nor deny them.

31.    Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 31, and they neither admit nor deny them.

32.    The allegations in paragraph 32 include legal conclusions to which no answer is required; however, to the extent a response is required, Defendants state that the Act speaks for itself and deny any allegations inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 32, and they neither admit nor deny them.

33.    Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 33, and they neither admit nor deny them.

34.    The allegations in paragraph 34 include legal conclusions to which no answer is required; however, to the extent a response is required, Defendants state

that the Act speaks for itself and deny any allegations inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 34, and they neither admit nor deny them.

35.    The allegations in paragraph 35 include legal conclusions to which no answer is required; however, to the extent a response is required, Defendants state that the Act speaks for itself and deny any allegations inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 34, and they neither admit nor deny them.

36.    Defendants admit that Brian Lamb is the Chair of the Florida Board of Governors of the State University System ("Board of Governors"), admit that Fla. Stat. § 20.155(4)(a) contains the quoted language and that the Board of Governors' Operating Procedures, art. IV, § D(4) contain the quoted language, state that these provisions speak for themselves, and deny any allegations inconsistent with the same. Defendants admit that Defendant Lamb has been sued in his official capacity.

37.    Defendants admit that Eric Silagy is the Vice Chair of the Board of Governors, state that the Board of Governors Operating Procedures, art. IV, § E speak for themselves, and deny any allegations inconsistent with the same. Defendants admit that Defendant Silagy has been sued in his official capacity.

38.    Defendants admit that Defendants Timothy M. Cerio, Richard Corcoran, Aubrey Edge, Patricia Frost, Nimna Gabadage, Edward Haddock, Ken

Jones, Darlene Luccio Jordan, Alan Levine, Charles H. Lydecker, Craig Mateer, Steven M. Scott, William Self, and Kent Stermon have been sued in their official capacities as members of the Board of Governors.

39.    In response to the allegations in paragraph 39, Defendants state that Fla. Stat. § 1001.92(5) speaks for itself and deny any allegation inconsistent with the same.

40.    In response to the allegations in paragraph 40, Defendants state that Fla. Stat. § 1000.05(6)(b) speaks for itself and deny any allegation inconsistent with the same.

41.    Defendants admit that the Board of Governors proposed Regulation 10.005 on July 1, 2022, which included the statement quoted in paragraph 41. Defendants further admit that Regulation 10.005 was adopted on August 26, 2022. Defendants state that Regulation 10.005 speaks for itself and deny any allegation inconsistent with the same. Defendants further admit that the Board of Governors proposed Regulation 10.003 on November 24, 2022. Defendants state that Regulation 10.003 speaks for itself and deny any allegation inconsistent with the same. Defendants admit that Regulation 10.003 remains pending.

42.    Defendants admit that Manny Diaz, Jr. is the Florida Commissioner of Education, a member of the Board of Governors, and sued in his official capacity as

Commissioner of Education. Defendants state that Fla. Stat. § 1001.10 speaks for itself and deny any allegation inconsistent with the same.

43.    Defendants admit that Morteza Hosseini, Thomas G. Kuntz, David L. Brandon, Richard P. Cole, Christopher T. Corr, James W. Heavener, Lauren D. Lemasters, Daniel T. O'Keefe, Rahul Patel, Amanda J. Phalin, Marsha D. Powers, Fred S. Ridley, and Anita G. Zucker are members of the University of Florida Board of Trustees and sued in their official capacities. Defendants state that the role and responsibilities of the University of Florida Board of Trustees are set forth in the University of Florida Board of Trustees Bylaws, which speak for themselves, and deny any allegations inconsistent with the same.

44.    Defendants admit that William Weatherford, Michael E. Griffin, Sandra Callahan, Michael Carrere, N. Rogan Donelly, Oscar Horton, Jenifer Jasinski Schneider, Lauran Monbarren, Nithin Palyam, Shilen Patel, Fredrick Piccolo, and Melissa Seixas are members of the University of South Florida Board of Trustees and sued in their official capacities. Defendants state that the role and responsibilities of the University of South Florida Board of Trustees are set forth in the Operating Procedures of the University of South Florida Board of Trustees, which speak for themselves, and deny any allegations inconsistent with the same.

45.    Defendants admit that Dean C. Colson, Rogelio Tovar, Cesar L. Alvarez, Jose J. Armas, Deanne Butchey, Carlos A. Duart, Natasha Lowell,

Cristhofer Lugo, T. Gene Prescott, Chanel T. Rowe, Marc D. Sarnoff, and Carlos Trujillo are members of the Florida International University Board of Trustees and sued in their official capacities. Defendants state that the role and responsibilities of the Florida International University Board of Trustees are set forth in the Bylaws of the Florida International University Board of Trustees, which speak for themselves, and deny any allegations inconsistent with the same.

46.    Defendants admit that Kevin Lawson, Kimberly Moore, Ann Marie Cavazos, Otis Cliatt, II, Thomas W. Dortch, Jr., Michael Dubose, Kristin Harper, Belvin Perry, Jr., Craig Reed, Kenward Stone, Nicole Washington, and Zachary Chandler Bell are members of the Florida A&M University Board of Trustees and sued in their official capacities. Defendants state that the role and responsibilities of the Florida A&M University Board of Trustees are set forth in the Florida Agricultural and Mechanical University Board of Trustees Operating Procedures, which speak for themselves, and deny any allegations inconsistent with the same.

47.    Defendants admit that Peter Collins, Maximo Alvarez, Kathryn Ballard, Eric Chicken, Vivian de las Cuevas-Diaz, Nimna Gabadage, Jorge Gonzalez, Justin Roth, Bob Sasser, John Thiel, Drew Weatherford, Jim W. Henderson, and Deborah Sargeant are members of the Florida State University Board of Trustees and sued in their official capacities. Defendants state that the role and responsibilities of the Florida State University Board of Trustees are set forth in

the Florida State University Board of Trustees Operating Procedures, which speak for themselves, and deny any allegations inconsistent with the same.

48.     Defendants Alex Martins, Harold Mills, Tiffany Altizer, Bill Christy, Jeff Condello, Joseph Conte, Danny Gaekwad, Stephen King, Daniella Lopez, Caryl McAlpin, John Miklos, Michael Okaty, and Beverly J. Seay are members of the University of Central Florida Board of Trustees and sued in their official capacities. Defendants state that the role and responsibilities of the University of Central Florida Board of Trustees are set forth in the University of Central Florida Board of Trustees Board Operating Procedures, which speak for themselves, and deny any allegations inconsistent with the same.

## JURISDICTION AND VENUE

49.    The allegations in paragraph 49 are Plaintiffs' legal conclusions to which no answer is required.

50.    The allegations in paragraph 50 are Plaintiffs' legal conclusions to which no answer is required.

## FACTUAL ALLEGATIONS

51.    Paragraph 51 includes legal conclusions to which no answer is required. Defendants admit that the Florida legislature enacted the Individual Freedom Act.

52.    In response to the allegations in paragraph 52, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same.

53.     Defendants admit that the Act contains the quoted language, state that the Act speaks for itself, and deny any allegations inconsistent with the same. Plaintiffs' legal conclusions in paragraph 53 require no response. Defendants deny any factual allegations in paragraph 53.

54.     The allegations in paragraph 54 include Plaintiffs' legal conclusions to which no answer is required. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 54, and they neither admit nor deny them.

55.     Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 55, and they neither admit nor deny them.

56.     The allegations in paragraph 56 include legal conclusions to which no answer is required. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 56, and they neither admit nor deny them.

57.     Defendants admit that that the Florida Education Equity Act ("FEEA") contains the language quoted in paragraph 57, state that FEEA speaks for itself, and deny any allegation inconsistent with the same.

58.     Defendants state that FEEA speaks for itself and deny any allegation inconsistent with the same.

59.     The allegations in paragraph 59 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent that a response is required,

Defendants state that the Act speaks for itself and deny any allegations inconsistent with the same.

60.    The allegations in paragraph 60 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent that a response is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same.

61.    Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 61, and they neither admit nor deny them.

62.    Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 62, and they neither admit nor deny them.

63.    Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 63, and they neither admit nor deny them.

64.    Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 64, and they neither admit nor deny them.

65.    Defendants lack sufficient knowledge or information to form a belief about the remaining allegations in paragraph 65, and they neither admit nor deny them.

66.    Defendants admit that the cited report includes the quotation reproduced in paragraph 66. Defendants lack sufficient knowledge or information to

form a belief about the remaining allegations in paragraph 66, and they neither admit nor deny them.

67.     Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 67, and they neither admit nor deny them.

68.     Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 68, and they neither admit nor deny them.

69.     Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 69, and they neither admit nor deny them.

70.     Defendants admit that the cited press release contains the quote reproduced in paragraph 70. Defendants lack sufficient knowledge or information to form a belief about the remaining allegations in paragraph 70, and they neither admit nor deny them.

71.     Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 71, and they neither admit nor deny them.

72.     Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 72, and they neither admit nor deny them.

73.     Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 73, and they neither admit nor deny them.

74.     Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 74, and they neither admit nor deny them.

75.     Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 75, and they neither admit nor deny them.

76.     Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 76, and they neither admit nor deny them.

77.     Defendants admit that the cited article contains the quotations reproduced in paragraph 77. Defendants lack sufficient knowledge or information to form a belief about the remaining allegations in paragraph 77, and they neither admit nor deny them.

78.     Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 78, and they neither admit nor deny them.

79.     Defendants admit that the Florida legislature passed the Act, deny any allegations inconsistent with the same, and deny the remaining factual allegations in paragraph 79.

80.     Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 80, and they neither admit nor deny them.

81.     Defendants admit that the cited letter contains the quotations reproduced in paragraph 81. Defendants lack sufficient knowledge or information to form a belief about the remaining allegations in paragraph 81, and they neither admit nor deny them.

82.     Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 82, and they neither admit nor deny them.

83.     Defendants admit that the cited letter and article contain the quotations reproduced in paragraph 83. Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 83, and they neither admit nor deny them.

84.     Defendants admit that the cited report contains the quotations reproduced in paragraph 84. Defendants lack sufficient knowledge or information to form a belief about the remaining allegations in paragraph 84, and they neither admit nor deny them.

85.     Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 85, and they neither admit nor deny them.

86.     Defendants admit that the cited letter contains the quotations reproduced in paragraph 86. Defendants lack sufficient knowledge or information to form a belief about the remaining allegations in paragraph 86, and they neither admit nor deny them.

87.     Defendants admit that the cited statement contains the quotation reproduced in paragraph 87. Defendants lack sufficient knowledge or information to form a belief about the remaining allegations in paragraph 87, and they neither admit nor deny them.

88. Defendants admit that the cited document contains the quotation reproduced in paragraph 88. Defendants lack sufficient knowledge or information to form a belief about the remaining allegations in paragraph 88, and they neither admit nor deny them.

89. Defendants admit that the cited articles contain the quotations reproduced in paragraph 89. Defendants lack sufficient knowledge or information to form a belief about the remaining allegations in paragraph 89, and they neither admit nor deny them.

90. Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 90, and they neither admit nor deny them.

91. Defendants admit that the cited articles contain the quotations reproduced in paragraph 91. Defendants lack sufficient knowledge or information to form a belief about the remaining allegations in paragraph 91, and they neither admit nor deny them.

92. Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 92, and they neither admit nor deny them.

93. Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 93, and they neither admit nor deny them.

94.     The allegations in paragraph 94 include legal conclusions to which no answer is required. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 94, and they neither admit nor deny them.

95.     Defendants admit that Governor DeSantis made the statement quoted in paragraph 95. Defendants deny any other factual allegations in paragraph 95.

96.     Defendants admit that the Florida legislature enacted House Bill 1 and Senate Bill 90 in April 2021. Defendants state that House Bill 1 speaks for itself and deny any allegation inconsistent with the same. Furthermore, Defendants state that Senate Bill 90 speaks for itself and deny any allegation inconsistent with the same. Defendants deny any additional factual allegations in paragraph 96.

97.     Defendants admit the Governor DeSantis made the statement quoted in paragraph 97. Defendants lack sufficient knowledge or information to form a belief about the allegation in the second sentence of paragraph 97.

98.     Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 98, and they neither admit nor deny them.

99.     Defendants admit that Governor DeSantis appeared via video at the June 10, 2021 Florida Board of Education meeting and made the statement quoted in paragraph 99. Defendants further admit that the Board of Education voted to amend Rule 6A-1.094124 on June 10, 2021, state that the rule speaks for itself, and deny any allegation inconsistent with the same. Defendants lack sufficient

knowledge or information to form a belief about the remaining factual allegations in paragraph 99, and they neither admit nor deny them.

100.   In response to the allegations in paragraph 100, Defendants state that the House Bill 233 speaks for itself and deny any allegation inconsistent with the same. Defendants admit the allegation in paragraph 100 that Governor DeSantis signed House Bill 233 into law on June 22, 2021. Defendants admit that Governor DeSantis made the statements quoted in paragraph 100. Defendants lack sufficient knowledge or information to form a belief about the remaining allegations in paragraph 100.

101.   The allegations in paragraph 101 are Plaintiffs' legal conclusions to which no answer is required. Defendants deny any factual allegations in paragraph 101.

102.   Defendants admit that Governor DeSantis announced his proposal for the Individual Freedom Act, on December 15, 2021. Defendants deny any remaining factual allegations in paragraph 102.

103.   Defendants admit that the cited handout contains the language quoted in paragraph 103.

104.   Defendants admit that Governor DeSantis used the terms quoted in paragraph 104 during his December 15, 2021, press conference, and that his press release described the Act as a proposal that "builds on actions Governor DeSantis

has already taken to ban Critical Race Theory and the New York Times' 1619 project in Florida's schools." Defendants deny any additional factual allegations in paragraph 104.

105.   Defendants admit that the host of the cited interview described Rufo as having "aided" Governor DeSantis and that Rufo used the quoted words in describing a segregated playground event. Defendants lack sufficient knowledge or information to form a belief about the remaining allegations in paragraph 105, and they neither admit nor deny them.

106.   Defendants state that the Act speaks for itself and deny any allegations inconsistent with the same. Defendants lack sufficient knowledge or information to form a belief about the factual allegations in paragraph 106, and they neither admit nor deny them.

107.   Defendants admit that the cited sources include the quotations reproduced in Paragraph 107. Defendants lack sufficient knowledge or information to form a belief about the remaining allegations in paragraph 107, and they neither admit nor deny them.

108.   Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 108, and they neither admit nor deny them.

109.   Defendants admit that the Florida legislature took up the Individual Freedom Act in the 2022 legislative session. Defendants lack sufficient knowledge

or information to form a belief about the other factual allegations in paragraph 109, and they neither admit nor deny them.

110.   Defendants admit that Representative Bryan Avila introduced H.B. 7 in the Florida House on January 11, 2022.

111.   Defendants admit that Senator Manny Diaz Jr. introduced S.B. 148 in the Florida Senate on January 11, 2022. Defendants further admit that Governor DeSantis recommended Senator Diaz be appointed as Education Commissioner and that Senator Diaz was then unanimously appointed by the State Board of Education.

112.   Paragraph 112 includes legal conclusions to which no answer is required; however, to the extent and answer is required, Defendants state that the Act, Executive Order 13950, and the cited judicial decisions speak for themselves and deny any allegation inconsistent with the same.

113.   Defendants state that the Act and the Executive Order speak for themselves and deny any allegations inconsistent with the same.

114.   Paragraph 114 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants deny the allegations. Defendants lack sufficient knowledge or information to form a belief about any factual allegations in paragraph 114, and they neither admit nor deny them.

115.   Defendants admit that Representative Avila made reference to the phrases quoted by Plaintiffs during the cited committee meeting. Plaintiffs' legal

conclusions in paragraph 115 require no response, and Defendants deny any remaining factual allegations in paragraph 115.

116.   Defendants admit that Representative Avila made the statement quoted the allegations in paragraph 116 during the February 1, 2022 House State Affairs Committee meeting. Plaintiffs' legal conclusions in paragraph 116 require no response, and Defendants deny any remaining factual allegations in paragraph 116.

117.   Defendants admit that Representative Avila referenced the cited materials and used the phrase quoted in paragraph 117 during the February 8, 2022 House Education and Employment Committee session. Plaintiffs' legal conclusions in paragraph 117 require no response, and Defendants deny any remaining factual allegations in paragraph 117.

118.   Defendants admit that Representative Avila made the statement quoted in paragraph 117 during the second reading on the House floor on February 22, 2022. Plaintiffs' legal conclusions in paragraph 118 require no response

119.   Defendants deny the allegations in paragraph 119.

120.   Defendants admit that during the February 24, 2022 House Session, Representative Massullo delivered a statement that included the quoted material. Defendants deny the remaining allegations in paragraph 120.

121.   Defendants admit that Representative Robert Alexander Andrade made the statements quoted in paragraph 121 during the February 24, 2022 House Session.

122.   Defendants admit that H.B. 7 passed the Florida House by a vote of 74-41. Defendants lack sufficient information to form a belief as to the truth of the additional factual allegations in paragraph 122.

123.   Defendants admit that Senator Diaz gave the response quoted in paragraph 123 during a Senate session on March 9, 2022. Defendants deny any remaining factual allegations in paragraph 123.

124.   Defendants admit that Senator Diaz gave the response quoted in paragraph 124 during a Senate session on March 9, 2022. Defendants deny any remaining factual allegations in paragraph 124. Defendants further state that H.B. 7 speaks for itself and denies any allegations inconsistent with the same.

125.   Defendants admit that Senator Diaz made the statements quoted in paragraph 125 during a Senate session on March 9, 2022. Defendants deny any remaining factual allegations in paragraph 125.

126.   Defendants admit that Senator Diaz made the statement quoted in paragraph 126 during the March 1, 2022 Senate Committee on Rules hearing. Defendants deny any remaining factual allegations in paragraph 126.

127.   Defendants admit the allegations in paragraph 127 that H.B. 7 passed the Florida Senate by a vote of 24-15. Defendants lack sufficient information to form a belief as to the truth of the additional factual allegations in paragraph 127.

128.   Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 128, and they neither admit nor deny them.

129.   Defendants admit that Governor DeSantis signed the Act on April 22, 2022, with Christopher Rufo present. Defendants further admit that Governor DeSantis issued a press release on April 22, 2022, and that he made the statement quoted in paragraph 129. Defendants deny the factual allegation in paragraph 129 that alleges Governor DeSantis, in the press release, "thanked Rufo and former Senator Diaz for their roles in helping to codify the Stop W.O.K.E. Act."

130.   Defendants admit that Governor DeSantis made the statement quoted in paragraph 130 during his November 8, 2022 victory speech. Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in paragraph 130, and they neither admit nor deny them.

131.   Paragraph 131 includes legal conclusions to which no answer is required. Defendants deny the factual allegations in paragraph 131.

132.   Defendants admit that Senator Diaz made the statement quoted in paragraph 132 during the March 9, 2022 Senate Session. Paragraph 132 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants deny any remaining factual allegations.

133.   Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 133, and they neither admit nor deny them.

134.    Defendants admit that the cited document contains the quotation reproduced in paragraph 134. Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in paragraph 134, and they neither admit nor deny them.

135.    Defendants admit that the cited document contains the quotations reproduced in paragraph 135. Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in paragraph 135, and they neither admit nor deny them.

136.    Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 136, and they neither admit nor deny them.

137.    Paragraph 137 includes legal conclusions to which no answer is required; however, to the extent that an answer is required, Defendants state that the relevant legislation speaks for itself and deny any remaining factual allegations.

138.    Paragraph 138 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same.

139.    Paragraph 139 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same.

140.   Paragraph 140 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 140, and they neither admit nor deny them.

141.   Paragraph 141 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same.

142.   Paragraph 142 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 142, and they neither admit nor deny them.

143.   Paragraph 143 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 143, and they neither admit nor deny them.

144.   Paragraph 144 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act

speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 144, and they neither admit nor deny them.

145.   Paragraph 145 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 145, and they neither admit nor deny them.

146.   Paragraph 146 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same.

147.   Paragraph 147 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 147, and they neither admit nor deny them.

148.   Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 148, and they neither admit nor deny them.

149.   Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 149, and they neither admit nor deny them.

150.   Paragraph 150 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 150, and they neither admit nor deny them.

151.   Paragraph 151 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 151, and they neither admit nor deny them.

152.   Paragraph 152 contains Plaintiffs' legal conclusions to which no answer is required.

153.   Paragraph 153 contains Plaintiffs' legal conclusions to which no answer is required.

154.   Paragraph 154 contains Plaintiffs' legal conclusions to which no answer is required; however, to the extent that an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same.

155.   Paragraph 155 contains Plaintiffs' legal conclusions to which no answer is required; however, to the extent that an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same.

156.   Paragraph 156 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act and guidance speak for themselves and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 156, and they neither admit nor deny them.

157.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 157.

158.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 158.

159.   Paragraph 159 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants deny Plaintiffs' factual allegation that "When Governor DeSantis announced the legislative proposal that became the Stop W.O.K.E. Act, he stated that the purpose of the law was to create a 'woke-free state of Florida.'" The press release cited by Plaintiffs attributes that statement to Lieutenant Governor Jeanette Nuñez. Defendants admit that the examples outlined in paragraph 159 were included in the press release published by Governor DeSantis.

160.   Defendants admit that Lieutenant Governor Jeanette Nuñez made the statements quoted in paragraph 160. Defendants deny any additional factual allegations in paragraph 160.

161.   Paragraph 161 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same.

162.   Paragraph 162 contains Plaintiffs' legal conclusions to which no answer is required. Defendants lack sufficient knowledge or information to form a belief as to the truth of any factual allegations in paragraph 162.

163.   Paragraph 163 includes legal conclusions to which no answer is required. Defendants admit that Senator Lori Berman and Senator Shevrin D. Jones made the statements quoted in paragraph 163 during the March 10, 2022 Senate Session. Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in the first sentence of paragraph 163.

164.   Paragraph 164 contains Plaintiffs' legal conclusions to which no answer is required.

165.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in the first sentence of paragraph 165. Defendants admit that Representatives Angela Nixon, Kristen Arrington, Dotie Joseph, and Kevin Chambliss sponsored the amendments cited in paragraph 165,

state that those amendments speak for themselves, and deny any allegation inconsistent with the same

166.   Defendants admit that each of the amendments cited in paragraph 166 failed to gain majority support. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining factual allegations in paragraph 166.

167.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 167.

168.   Defendants state that any statement speaks for itself and that they otherwise lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 168.

169.   Defendants state that any statement speaks for itself and that they otherwise lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 169.

170.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 170.

171.   Defendants admit that the cited article contains the quotations reproduced in paragraph 171. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining factual allegations in paragraph 171.

172.   Paragraph 172 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act

speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 172, and they neither admit nor deny them.

173.   Paragraph 173 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 173, and they neither admit nor deny them.

174.   Paragraph 174 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 174, and they neither admit nor deny them.

175.   Paragraph 175 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 175, and they neither admit nor deny them.

176.   Paragraph 176 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act

speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 176, and they neither admit nor deny them.

177. Paragraph 177 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 177, and they neither admit nor deny them.

178. Paragraph 178 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 178, and they neither admit nor deny them.

179. Paragraph 179 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 179, and they neither admit nor deny them.

180. Paragraph 180 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act

speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 180, and they neither admit nor deny them.

181.   Paragraph 181 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 181, and they neither admit nor deny them.

182.   Paragraph 182 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 156, and they neither admit nor deny them.

183.   Paragraph 183 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 183, and they neither admit nor deny them.

184. Paragraph 184 contains legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same.

185. Paragraph 185 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 185, and they neither admit nor deny them.

186. Paragraph 186 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegation in paragraph 186.

187. Paragraph 187 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegation in paragraph 187.

188. Paragraph 188 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act

speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 188, and they neither admit nor deny them.

189.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 189.

190.   Paragraph 190 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 190, and they neither admit nor deny them.

191.   Paragraph 191 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 191, and they neither admit nor deny them.

192.   Paragraph 192 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 192, and they neither admit nor deny them.

193.   Paragraph 193 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 193, and they neither admit nor deny them.

194.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegation in paragraph 194.

195.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegation in paragraph 195.

196.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegation in paragraph 196.

197.   Paragraph 197 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 197, and they neither admit nor deny them.

198.   Defendants admit that the cited source includes the terms quoted in paragraph 198. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining factual allegation in paragraph 198.

199.   Defendants admit that the cited source includes the statements quoted in paragraph 199. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining factual allegation in paragraph 199.

200.   Paragraph 200 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 200, and they neither admit nor deny them.

201.   Defendants admit that Plaintiff Dauphin made the statements quoted in paragraph 201 during public testimony before the House Education & Employment Committee on February 8, 2022. Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in paragraph 201, and they neither admit nor deny them.

202.   Defendants admit that Anna Gavalda made the statements quoted in paragraph 202 during public testimony before the House State Affairs Committee on February 1, 2022. Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in paragraph 202, and they neither admit nor deny them.

203.   Defendants admit that Mary Elizabeth Estrada made the statements quoted in paragraph 203 during public testimony before the House State Affairs

Committee on February 1, 2022. Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in paragraph 203, and they neither admit nor deny them.

204.   Defendants admit that Representative Joseph made the statements quoted in paragraph 204 during the House State Affairs Committee on February 1, 2022.

205.   Defendants admit that the ACLU of Florida submitted written testimony in opposition to H.B. 7. Defendants further admit that the written testimony included the topics identified in paragraph 205, state that the testimony speaks for itself, and deny any allegations inconsistent with the same.

206.   Defendants admit that the ACLU's written testimony includes the passage reproduced in paragraph 206. Defendants lack sufficient knowledge or information to form a belief as to the truth of any remaining factual allegations in paragraph 206.

207.   Paragraph 207 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants admit that Senator Lori Berman made the statements quoted in the third sentence of paragraph 207. Defendants otherwise lack sufficient information to form a belief as

to the truth of any remaining factual allegations in paragraph 207, and they neither admit nor deny them.

208.   Defendants admit that the Florida legislature enacted the Individual Freedom Act. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining factual allegations in paragraph 208.

209.   Paragraph 209 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants lack sufficient information to form a belief as to the truth of any factual allegations in paragraph 2090, and they neither admit nor deny them.

210.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegation in paragraph 210.

211.   Paragraph 211 includes legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegation inconsistent with the same. Defendants deny that the Act "follows a regrettable decades-old pattern by the Florida Legislature to Suppress racial justice efforts."

## COUNT ONE

**First Amendment to the U.S. Constitution –
Right to speak free from viewpoint-based discrimination**

212.   Defendants adopt and incorporate by reference their answers to paragraphs 1 through 211.

213.   The allegations in paragraph 213 are Plaintiffs' legal conclusions, to which no answer is required.

214.   The allegations in paragraph 214 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, Defendants deny the allegations.

215.   The allegations in paragraph 215 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants deny the allegations.

216.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegation in paragraph 216.

217.   The allegations in paragraph 217 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants deny the allegations.

218.   The allegations in paragraph 218 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants deny the allegations.

219.   The allegations in paragraph 219 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants deny the allegations.

WHEREFORE, Defendants respectfully request that the Court dismiss Plaintiffs' claim with prejudice, deny Plaintiffs' Prayer for Relief, order Plaintiffs to pay Defendants' costs and attorneys' fees, and grant any and all other relief deemed just and proper.

## COUNT TWO

**First Amendment to the U.S. Constitution –
Right to receive information free from viewpoint-based discrimination**

220.   Defendants adopt and incorporate by reference their answers to paragraphs 1 through 219.

221.   The allegations in paragraph 221 are Plaintiffs' legal conclusions to which no answer is required.

222.   The allegations in paragraph 222 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants deny the allegations.

223.   The allegations in paragraph 223 are Plaintiffs' legal conclusions to which no answer is required.

224.   The allegations in paragraph 224 are Plaintiffs' legal conclusions to which no answer is required.

225.   The allegations in paragraph 225 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants deny the allegations.

226.   The allegations in paragraph 226 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants deny the allegations.

WHEREFORE, Defendants respectfully request that the Court dismiss Plaintiffs' claim with prejudice, deny Plaintiffs' Prayer for Relief, order Plaintiffs to pay Defendants' costs and attorneys' fees, and grant any and all other relief deemed just and proper.

## COUNT THREE

### Fourteenth Amendment – Vagueness

227.   Defendants adopt and incorporate by reference their answers to paragraphs 1 through 226.

228.   The allegations in paragraph 228 are Plaintiffs' legal conclusions to which no answer is required.

229.   The allegations in paragraph 229 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants deny the allegations.

230.   The allegations in paragraph 230 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants deny the allegations.

231.   The allegations in paragraph 231 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants deny the allegations.

232.   The allegations in paragraph 232 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants deny the allegations.

233.   The allegations in paragraph 233 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants deny the allegations.

WHEREFORE, Defendants respectfully request that the Court dismiss Plaintiffs' claim with prejudice, deny Plaintiffs' Prayer for Relief, order Plaintiffs to pay Defendants' costs and attorneys' fees, and grant any and all other relief deemed just and proper.

## COUNT FOUR

### Fourteenth Amendment – Equal Protection

234.   Defendants adopt and incorporate by reference their answers to paragraphs 1 through 233.

235.   The allegations in paragraph 235 are Plaintiffs' legal conclusions to which no answer is required.

236.   The allegations in paragraph 236 are Plaintiffs' legal conclusions to which no answer is required.

237.   The allegations in paragraph 237 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants deny the allegations.

238.   The allegations in paragraph 238 are Plaintiffs' legal conclusions to which no answer is required.

239.   The allegations in paragraph 239 are Plaintiffs' legal conclusions to which no answer is required.

240.   The allegations in paragraph 240 are Plaintiffs' legal conclusions to which no answer is required.

241.   The allegations in paragraph 241 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants deny the allegations.

242.   The allegations in paragraph 242 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants deny the allegations.

243.   The allegations in paragraph 243 are Plaintiffs' legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants deny the allegations.

WHEREFORE, Defendants respectfully request that the Court dismiss Plaintiffs' claim with prejudice, deny Plaintiffs' Prayer for Relief, order Plaintiffs to pay Defendants' costs and attorneys' fees, and grant any and all other relief deemed just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

244.   Plaintiffs' Complaint fails to state a valid claim for relief.

### Second Affirmative Defense

245.   Plaintiffs lack standing to bring any of their claims.

## JURY DEMAND

246.   Defendants respectfully demand a jury for all issues triable to a jury.

Date: December 30, 2022                    Respectfully submitted,

                                           /s/ Charles J. Cooper
                                           Charles J. Cooper
                                           (Bar No. 248070DC)
                                           John D. Ohlendorf (*Pro Hac Vice*)
                                           Megan M. Wold (*Pro hac Vice)*
                                           John D. Ramer (*Pro Hac Vice*)
                                           COOPER & KIRK, PLLC
                                           1523 New Hampshire Avenue, N.W.
                                           Washington, D.C. 20036
                                           Tel: (202) 220-9600
                                           Fax: (202) 220-9601
                                           ccooper@cooperkirk.com
                                           johlendorf@cooperkirk.com
                                           mwold@cooperkirk.com
                                           jramer@cooperkirk.com

                                           *Counsel for Defendants Brian Lamb,*
                                           *in his official capacity, et al.*