November 18, 2022

**By hand-delivery and e-mail**
Representative Robert Andrade
308 House Office Building
402 South Monroe Street
Tallahassee, FL 32399-1300

**ACLU**

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION

Florida

933 Lee Road, Suite 102
Orlando FL, 32810
(786) 363-1107 (Direct)
jedwards@aclufl.org
aclufl.org

Jerry Edwards
*Staff Attorney*

Re:   *Pernell, et al. v. Florida Board of Governors of the State University System, et al.*, No. 4:22-cv-304-MW-MAF (N.D. Fla.)

Dear Representative Andrade,

Please find attached a subpoena for the production of documents in relation to the above-referenced action pending in the U.S. District Court for the Northern District of Florida.

We are happy to discuss any concerns you have regarding the subpoenas or seek to resolve potential objections. Please contact me at jedwards@aclufl.org, or have your attorney contact me, if you would like to do that.

Additionally, we are withdrawing the subpoena served by our team on or about November 3, 2022.

Thank you, and please contact me with any questions.

Sincerely,

/s/ Jerry Edwards
Jerry Edwards

*Counsel for Plaintiffs*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Florida

Served 11 / 17 /22 A 2:17p
ᒬᘓ      4115

| LEROY PERNELL, et al., | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  4:22-cv-304-MW-MAF |
| FLORIDA BOARD OF GOVERNORS OF THE STATE UNIVERSITY SYSTEM, et al., | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                    Representative Robert Alexander Andrade

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Schedule A, attached.

| Place: ACLU of Florida, 336 E College Ave, Suite 203/205, Tallahassee, FL 32301; or contact counsel below for electronic transmission | Date and Time: 12/18/2022 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/18/2022

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Jerry C. Edwards |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  LEROY PERNELL, et al.  , who issues or requests this subpoena, are:

Jerry Edwards, ACLU of Florida, 933 Lee Road, Suite 102, Orlando, FL  32810, jedwards@aclufl.org, (786) 363-1107

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:22-cv-304-MW-MAF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### DEFINITIONS

The following definitions shall apply to each of the requests for production of documents set forth below.

1.     "You" or "Your" means the party or parties responding to this request; any of the party's or parties' officers, agents, assigns, employees, insurers, attorneys, subsidiaries, successors, and predecessors; and anyone acting or purporting to act on the party or on the parties' behalf.

2.     Unless specifically and individually identified, "Plaintiff" or "Plaintiffs" mean the Plaintiffs in this action, including Leroy Pernell, Dana Thompson Dorsey, Sharon Austin, Shelley Park, Jennifer Sandoval, Russell Almond, Marvin Dunn and Johana Dauphin, either collectively or individually.

3.     "Defendants" means the Florida Board of Governors of the State University System; Florida Board of Governors of the State University System members Brian Lamb, Eric Silagy, Timothy M. Cerio, Richard Corcoran, Aubrey Edge, Patricia Frost, Nimna Gabbage, Edward Haddock, Ken Jones, Darlene Luccio Jordan, Alan Levine, Charles H. Lydecker, Craig Mateer, Steven M. Scott, William Self, and Kent Stermon; Commissioner of the Florida State Board of Education Manny Diaz Jr.; or any of that party's or parties' officers, agents, assigns, employees,

1

insurers, attorneys, subsidiaries, successors, and predecessors; and anyone acting or purporting to act on the party or the parties' behalf.

4.    "Legislators" means any current or former member of the Florida House of Representatives or Florida Senate who held office at any point during Florida's 2022 legislative session, or any of that party's or parties' officers, agents, assigns, employees, insurers, attorneys, subsidiaries, successors, and predecessors; and anyone acting or purporting to act on the party or the parties' behalf.

5.    "Person" or "Persons" means an individual, corporation, proprietorship, partnership, association, agency (including government agencies), or any other entity.

6.    "Agency" means all government departments, offices, bureaus, and law enforcement agencies of the State of Florida, including the Office of the Attorney General of the State of Florida.

7.    "Document" includes but is not limited to the original, drafts and all non-identical versions or copies (whether different from originals by reason of notations made on such copies or otherwise) of all written, electronic or graphic material, however produced or reproduced, in your possession, custody or control or the possession, custody, or control of your attorney, including but not limited to writings, forms, memoranda, letters, drawings, graphs, charts, records, photographs, sound or mechanical recordings or tapes, telecopies, facsimiles, e-mail, text

2

messages, voicemails, computer printouts, information stored on computer systems, database queries and responses, and other data compilations from which information can be obtained or translated, if necessary through the use of detection devices, into reasonably usable form, in the broadest understanding of the term "documents" in the Federal Rules of Civil Procedure. Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any persons having physical control thereof. This includes documents on both personal and government devices.

8.     "Communicate" or "communication" means any transmission of documents or information between persons or agencies, whether oral, written or otherwise, active or automated, including but not limited to memoranda, letters, telecopies, facsimiles, e-mails, text messages, social media, online messages, voicemails, electronic transmissions, meetings, discussions, conversations, or telephone calls. This includes communications on both personal and government devices.

9.     "Pertain" or "pertaining" or "relate" or "relating" or "regarding" to any given subject matter means, without limitation, anything that, in whole or in part, directly or indirectly, analyzes, comments upon, comprises, concerns, constitutes, contains, discusses, embodies, establishes, evidences, explains, identifies, manifests,

mentions, reflects, refers to, records, states, summarizes, or is in any way relevant to the particular subject matter identified.

10.     The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the request. The word "including" shall not be used to limit any general category or description that precedes it. The words "all," "every," "any," "each," and "one or more" shall include each other whenever possible to expand, not to restrict, the scope of the request.

11.     Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural also shall include a reference to the singular.

12.     The use of a verb in any tense shall be construed to include the use of the verb in all other tenses whenever necessary to bring into the scope of the specification all responses which might otherwise be construed as outside the scope.

13.     "H.B. 7" means any drafts or versions of the "Stop Wrongs Against Our Kids and Employees (Stop W.O.K.E.) Act," Florida House Bill 7, Individual Freedom Act, or Florida Senate Bill 148, which was passed by the Florida legislature on March 10, 2022, and signed into law by Governor Ron DeSantis on April 22, 2022.

4

14.   "S.B. 2524" means any drafts or versions of Florida Senate Bill 2524, which was passed by the Florida legislature on March 14, 2022, and signed into law by Governor Ron DeSantis on June 2, 2022.

15.   "Critical Race Theory" or "CRT" means the framework to identify and challenge ways racism is embedded in American society.  As used herein, "Critical Race Theory" encompasses Your references to "Black communism," "divisive concepts," "equity," "indoctrination," "Marxist ideology," "Marxism," "oppression," "privilege," "race essentialism," "racism," "racist," "spirit murder," "systemic racism," "The 1619 Project," "white fragility," "white supremacy," "woke" speech, the "woke agenda," and "wokeness."

16.   "Black Lives Matter" means the global activist movement founded in 2013 that campaigns against racism, discrimination, and violence towards Black people in the United States and worldwide. As used herein, "Black Lives Matter" encompasses all affiliated community organizations and individuals in the broader Black Lives Matter collective that aim to abolish institutional racism and policing through direct actions, political education, and community organizing. The phrase "Black Lives Matter" includes "#BlackLivesMatter," "#BLM," and any other term, phrase, or hashtag reasonably related to the Black Lives Matter movement.

17.   "Racial Justice Protests" means any and all demonstrations, statements, campaigns, direct actions, or self-expressions made in an individual or collective

capacity to advocate for principles of racial justice, racial equality, racial equity, and ending racism, including with respect to police accountability, defunding the police and police reform in the United States and worldwide from January 1, 2020, to the present. This includes any physical, online, and public or private expression of objection, disapproval, or dissent, and any and all direct action, political education, and community organizing efforts to combat racism, improve racial equity, and address racial inequality in the United States and worldwide.

## INSTRUCTIONS

1.      These requests are intended to elicit as much information as possible concerning the issues, and to the extent any request could be interpreted in more than one way, you should employ the interpretation of the request most likely to encompass and elicit the greatest amount of information possible.

2.      You shall produce such documents as kept in the ordinary course, *see* Fed. R. Civ. P. 34, and without any rearrangement. In addition, please provide the documents in such a way that they can be correlated to the request or requests to which the documents are responsive, and identify the Bates number for all such documents in your response.

3.      You shall produce all responsive documents and things that are in your possession or control, or that of your agents, employees, representatives, attorneys, or their associated attorneys, investigators, or any other representatives, with

6

attachments, drafts and non-identical copies, including copies that differ by virtue of handwritten or other notes or markings. Each request calls not only for all documents known to you and your agents, employees, representatives, investigators, and attorneys, but also for all documents available by reasonable inquiry and due diligence, including inquiries to other persons. If you are aware of documents responsive to any request herein, but do not have possession of them, please identify each such document, the present custodian's name, address, telephone number, title, and employer, and any other persons who have seen or had possession of such document.

4.     If, despite the exercise of due diligence, you are unable to produce any Document requested herein, please so state and respond to the request to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information you have concerning the unanswered portions.

5.     If any Document responsive to these requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

6.     If any Document responsive to these requests has been destroyed, discarded, or lost, or is otherwise not capable of being produced, identify each such Document and set for the following information: (a) the date of the Document; (b) a description of the subject matter of the Document; (c) the name and address of each

Person who prepared, received, viewed, or had possession, custody, or control of the Document; (d) the date when the Document was destroyed, discarded, or lost; (e) the identity of the Person who directed that the Document be discarded, or who lost the Document; and (f) a statement of the reasons for and circumstances under which the Document was destroyed, discarded, or lost.

7. With respect to any document requested herein that you refuse to produce, please provide the following information:

     a.     Identify the document, including its title or heading, its date, its authors, its addressees or recipients, its subject matter, the individual or source from which you obtained it, and its present location and the identity of the custodian;

     b.     State whether your objection or refusal is related to the entire document or a portion thereof;

     c.     If your objection or refusal goes to part of the document, specify the part(s) of the document to which your objection or refusal is directed;

     d.     Specify the factual basis for your objection or refusal, if any; and

     e.     Specify the legal grounds for your objection or refusal, if any.

8.     If no Documents or records exist that are responsive to a particular request, so state in writing.

9.     Documents contained in file folders, loose-leaf binders, and notebooks with tabs or labels identifying such Documents are to be produced intact together with such file folders, loose-leaf binders, or notebooks. All labels identifying such Documents, files, folders, or binders shall be copied. Documents attached to each other shall not be separated, and all such attached Documents shall be produced. Paper Documents may be scanned and produced as electronic documents in the PDF file format. Documents compiled onto a disk or drive shall be sent to the requesting party electronically.

10.    You are under a continuing obligation to respond to the requests set forth herein. If you subsequently discover additional documents that are responsive hereto, you shall promptly produce such documents to Plaintiffs within fifteen (15) days of such discovery.

11.    The relevant time period for each request is January 1, 2020, through the present.

## REQUESTS FOR PRODUCTION

1.     Any and all documents reflecting communications, including but not limited to, letters, e-mails, and text messages, exchanged between You or Your employees, staff, or representatives and Defendants or their employees, staff,

members, or representatives regarding H.B. 7 or Critical Race Theory.

2.      Any and all documents reflecting communications, including but not limited to, letters, e-mails, and text messages, exchanged between You or Your employees, staff, or representatives and Defendants or their employees, staff, members, or representatives regarding Racial Justice Protests or Black Lives Matter.

3.      Any and all documents reflecting communications, including but not limited to, letters, e-mails, and text messages, exchanged between You or Your employees, staff, or representatives and Governor of Florida Ronald DeSantis or employees, staff, members, consultants, contractors, agents, or representatives of the Executive Office of the Governor of Florida—as defined by Fla. Stat. § 14.201—regarding H.B. 7 or Critical Race Theory.

4.      Any and all documents reflecting communications, including but not limited to, letters, e-mails, and text messages, exchanged between You or Your employees, staff, or representatives and Governor of Florida Ronald DeSantis or employees, staff, members, consultants, contractors, agents or representatives of the Executive Office of the Governor of Florida—as defined by Fla. Stat. § 14.201—regarding Racial Justice Protests or Black Lives Matter.

5.      Any and all documents reflecting communications, including but not limited to, letters, e-mails, and text messages, exchanged between You or Your employees, staff, or representatives and other Legislators or their employees, staff,

or representatives regarding H.B. 7.

6.      Any and all documents reflecting communications, including but not limited to, letters, e-mails, and text messages, exchanged between You or Your employees, staff, or representatives and other Legislators or their employees, staff, or representatives regarding Critical Race Theory.

7.      Any and all documents reflecting communications, including but not limited to, letters, e-mails, and text messages, exchanged between You or Your employees, staff, or representatives and other Legislators or their employees, staff, or representatives regarding S.B. 2524 and Critical Race Theory, Racial Justice Protests, or Black Lives Matter.

8.      Any and all documents reflecting communications, including but not limited to, letters, e-mails, and text messages, exchanged between You or Your employees, staff, or representatives and other Legislators or their employees, staff, or representatives regarding Racial Justice Protests or Black Lives Matter.

9.      Any and all documents reflecting communications, including but not limited to letters, e-mails, and text messages, exchanged between You or Your employees, staff, or representatives and employees or staff of any the Board of Trustees of any institution within the State University System of Florida regarding H.B. 7.

10.     Any and all documents reflecting communications, including but not

11

limited to letters, e-mails, and text messages, exchanged between You or Your employees, staff, or representatives and employees, representatives, or staff of any the Board of Trustees of any institution within the State University System of Florida regarding Critical Race Theory, Black Lives Matter, or Racial Justice Protests.

11.     Any and all documents reflecting communications, including but not limited to letters, e-mails, and text messages, exchanged between You or Your employees, staff, or representatives and Christopher Rufo or his employees, staff, consultants, contractors, agents, or volunteers regarding H.B. 7, Critical Race Theory, Black Lives Matter, or Racial Justice Protests.

12.     Any and all notes, memoranda, research, written analysis, white papers, studies, reports, or opinions relied upon, created by, or reviewed by You or Your employees, staff, or representatives regarding the creation and drafting of H.B. 7.

13.     Any and all notes, memoranda, research, written analysis, white papers, studies, reports, or opinions relied upon, created by, or reviewed by You or Your employees, staff, or representatives regarding H.B. 7's enactment.

14.     Any and all notes, memoranda, research, written analysis, white papers, studies, reports, or opinions relied upon, created by, or reviewed by You or Your employees, staff, or representatives regarding H.B. 7's implementation.

15.     Any and all notes, memoranda, research, written analysis, white papers, studies, reports, or opinions relied upon, created by, or reviewed by You or Your

employees, staff, or representatives regarding H.B. 7's enforcement, including the potential impact of H.B. 7 in Florida.

16.    Transcripts, drafts, videos and written or photographic copies of all speeches, remarks, television appearances, radio appearances, social media posts, social media comments, press statements, or any other public statements, whether written or oral, made by You regarding H.B. 7, Critical Race Theory, Black Lives Matter, or Racial Justice Protests.

17.    All Documents or Communications assessing or predicting the potential impacts of H.B. 7, or other related bills, including, but not limited to, impact on Black persons, including students or educators, in Florida.

18.    All Documents or Communications exchanged between You or Your employees, staff, or representatives and any other member of the Florida legislature or member of the Executive Office of the Governor of Florida and/or its employees, staff, consultants, contractors, agents, or volunteers regarding H.B. 7 legislative hearings and/or any concerns or opposition to H.B. 7 shared or voiced during such hearings.