**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

LEROY PERNELL, et al.,

    *Plaintiffs*,

v.

FLORIDA BOARD OF GOVERNORS OF
THE STATE UNIVERSITY SYSTEM, et al.,

    *Defendants*.

Case No.: 4:22-cv-304

**STIPULATION TO AMEND SCHEDULING AND MEDIATION ORDER**

Plaintiffs LEROY PERNELL, DANA THOMPSON DORSEY, SHARON AUSTIN, SHELLEY PARK, JENNIFER SANDOVAL, RUSSELL ALMOND, MARVIN DUNN, and JOHANA DAUPHIN; and Defendants TIMOTHY M. CERIO, RICHARD CORCORAN, AUBREY EDGE, PATRICIA FROST, NIMNA GABADAGE, EDWARD HADDOCK, KEN JONES, DARLENE LUCCIO JORDAN, BRIAN LAMB, ALAN LEVINE, CHARLES H. LYDECKER, CRAIG MATEER, DEANNA MICHAEL, STEVEN M. SCOTT, ERIC SILAGY, KENT STERMON, MANNY DIAZ JR., MORTEZA HOSSEINI, THOMAS G. KUNTZ, DAVID L. BRANDON, RICHARD P. COLE, CHRISTOPHER T. CORR, JAMES W. HEAVENER, LAUREN D. LEMASTERS, DANIEL T. O'KEEFE, RAHUL PATEL, AMANDA J. PHALIN, MARSHA D. POWERS, FRED S. RIDLEY, ANITA G. ZUCKER, WILLIAM WEATHERFORD, MICHAEL E. GRIFFIN, SANDRA CALLAHAN, MICHAEL CARRERE, N. ROGAN DONELLY, OSCAR HORTON,

JENIFER JASINSKI SCHNEIDER, LAURAN MONBARREN, NITHIN PALYAM, SHILEN PATEL, FREDRICK PICCOLO, MELISSA SEIXAS, DEAN C. COLSON, ROGELIO TOVAR, CESAR L. ALVAREZ, JOSE J. ARMAS, DEANNE BUTCHEY, CARLOS A. DUART, NATASHA LOWELL, CRISTHOFER LUGO, T. GENE PRESCOTT, CHANEL T. ROWE, MARC D. SARNOFF, CARLOS TRUJILLO, KEVIN LAWSON, KIMBERLY MOORE, ANN MARIE CAVAZOS, OTIS CLIATT, II, THOMAS W. DORTCH, JR., MICHAEL DUBOSE, KRISTIN HARPER, BELVIN PERRY, JR., CRAIG REED, KENWARD STONE, NICOLE WASHINGTON, ZACHARY CHANDLER BELL, PETER COLLINS, MAXIMO ALVAREZ, KATHRYN BALLARD, ERIC CHICKEN, VIVIAN DE LAS CUEVAS-DIAZ, NIMNA GABADAGE, JORGE GONZALEZ, JUSTIN ROTH, BOB SASSER, JOHN THIEL, DREW WEATHERFORD, JIM W. HENDERSON, DEBORAH SARGEANT, ALEX MARTINS, HAROLD MILLS, TIFFANY ALTIZER, BILL CHRISTY, JEFF CONDELLO, JOSEPH CONTE, DANNY GAEKWAD, STEPHEN KING, DANIELLA LOPEZ, CARYL MCALPIN, JOHN MIKLOS, MICHAEL OKATY, and BEVERLY J. SEAY stipulate to amend the Court's Scheduling and Mediation Order (ECF No. 58) as follows:

    WHEREAS, on September 29, 2022, Plaintiffs served requests for production of documents upon Defendants (the "September 29 discovery requests");

    WHEREAS, on October 12, 2022, the Court issued the operative Scheduling and Mediation Order, which requires, among other things, that the parties complete fact discovery by March 31, 2023 (ECF No. 58);

WHEREAS, Plaintiffs, as a courtesy, agreed to extend Defendants' deadline to respond to Plaintiffs' September 29 discovery requests from October 29, 2022, to November 14, 2022;

WHEREAS, on November 14, 2022, Defendants timely served responses to Plaintiffs' discovery requests, and in their responses, indicated they would produce responsive documents;

WHEREAS, on December 5, 2022, Defendants served interrogatories and requests for production of documents on Plaintiffs (the "December 5 discovery requests");

WHEREAS, Defendants, as a courtesy, agreed to extend Plaintiffs' deadline to respond to Defendants' December 5 discovery requests from January 4, 2023, to February 3, 2023. Plaintiffs anticipate producing responsive documents simultaneous with their written responses and thereafter on a rolling basis, at least twice monthly, until complete;

WHEREAS, on December 14, 2022, Plaintiffs provided Defendants with a proposed list of (1) high-priority custodians, (2) search terms, and (3) narrowed date ranges, and requested that Defendants produce responsive documents on a rolling basis, starting on December 21, 2022, and every two weeks thereafter;

WHEREAS, on December 21, 2022, Defendants stated that commencing production on December 21 would not be possible, due in part to all six university defendants being closed for winter break, but further stated that they had identified 19 custodians based on interviews to determine the custodians who would be most likely to be in possession of responsive documents;

3

WHEREAS, on January 6, 2023, Defendants identified four additional custodians, bringing the total to 23 custodians, whose ESI Defendants will search for responsive materials;

WHEREAS, the parties have repeatedly met and conferred regarding the status of Defendants' production of documents responsive to Plaintiffs' September 29 discovery requests and continue to negotiate over search terms that are reasonably calculated to retrieve responsive documents;

WHEREAS, the Defendants have stated that the complexity of collecting information and documents from seven separate, large institutions with different systems, stakeholders, and processes have caused the pace of discovery to be slower than Defendants anticipated when the parties proposed the operative Scheduling Order;

WHEREAS, Defendants have not yet produced any documents responsive to Plaintiffs' September 29 discovery requests but have agreed to commence rolling production of documents and materials by January 30, 2023;

WHEREAS, given the above facts, the parties agree that good cause exists to amend the Scheduling and Mediation Order to extend the deadlines outlined below. In particular, the parties need an extension of the current discovery deadlines to allow Defendants to collect, review, and produce documents responsive to Plaintiffs' discovery requests and for Plaintiffs to review Defendants' document productions for use in discovery and throughout this matter;

NOW THEREFORE, the parties jointly request that the Court enter the Proposed Amended Scheduling and Mediation Order submitted with this Stipulation to Amend Scheduling and Mediation Order.

1. The Proposed Amended Scheduling and Mediation Order reflects the following extensions:

| DEADLINE | CURRENT DATE | PROPOSED DATE |
|---|---|---|
| Discovery | **March 31, 2023** | **June 2, 2023**[1] |
| Deadline to Propound Discovery | 75 days or more before the close of discovery, **January 17, 2023** | 75 days or more before the close of discovery, **March 20, 2023** |
| Motions to Compel | 30 days or more before the close of discovery, **March 1, 2023** | 30 or more dates before the close of discovery, **May 3, 2023** |
| Summary Judgment | Within 21 days of the discovery deadline, **April 21, 2023** | Within 21 days of the discovery deadline, **June 23, 2023** |
| First Mediation Conference | Within 14 days after the discovery deadline, currently **April 14, 2023**, though any time before that | Within 14 days after the discovery deadline, **June 16, 2023**, though any time before that |
| Mediation Completion | Within 28 days of the discovery deadline, **April 28, 2023** | Within 28 days of the discovery deadline, **June 30, 2023** |
| Initial Expert Disclosures & Reports | At least 60 days before the close of discovery, currently **January 30, 2023** | At least 60 days before the close of discovery, **April 3, 2023** |
| Rebuttal Expert Disclosures & Reports | Within 30 days of initial expert disclosure and reports, **March 1, 2023** | Within 30 days of initial expert disclosure and reports, **May 3, 2023** |

---

[1] The parties continue to work toward agreement on language regarding a deadline for substantial completion of document production. The parties agree to meet and confer by January 31, 2023, on this outstanding issue. In the event they are unable to reach agreement, the parties agree to submit letters, of no more than 2 pages in length, by February 3, outlining their competing positions.

2. The Proposed Amended Scheduling and Mediation Order reflects the parties' agreement to: (1) begin production no later than January 30, 2023, for documents responsive to any outstanding discovery requests; (2) begin production of responsive documents within 14 days of serving written responses to any subsequent, applicable discovery requests, unless otherwise mutually agreed upon by the parties; (3) produce documents on a rolling basis; and (4) twice-monthly productions thereafter until complete.

3. The Proposed Amended Scheduling and Mediation Order further reflects the parties' agreement any deadlines or modifications not herein addressed shall continue to be governed accordingly by the Initial Scheduling Order (ECF No. 34), the parties' joint scheduling report (ECF No. 56), or the Scheduling and Mediation Order (ECF No. 58).

Dated: January 17, 2023

Respectfully submitted,

/s/ Jason Leckerman
Jason Leckerman (*pro hac vice*)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
leckermanj@ballardspahr.com
(215) 864-8266

**COUNSEL FOR PLAINTIFFS**

/s/ John D. Ohlendorf (with permission)
**John D. Ohlendorf**
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20046

johlendorf@cooperkirk.com
(202) 220-9617

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this <u>17th</u> day of January 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

<u>/s/ Jason Leckerman</u>
Jason Leckerman