IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**LEROY PERNELL, et al.,**

    *Plaintiffs*,

v.                                                      Case No.: 4:22cv304-MW/MAF

**BRIAN LAMB, et al.,**

    *Defendants*.

_____/

## ORDER GRANTING MOTION TO STAY

This Court has considered, without hearing, the Legislators' motion to stay this Court's discovery order, ECF No. 105. As the Legislators note in their motion, a stay pending appeal depends on (1) the likelihood the moving party will prevail on the merits; (2) the prospect of irreparable injury to the moving party if relief is withheld; (3) the possibility of harm to other parties if relief is granted; and (4) the public interest. *Id*. at 2 (citing 11th Cir. R. 27-1(b)(2)). Although this Court agrees that the legislative privilege is quite broad, the Legislators overstate the scope of that privilege and misstate the law concerning the application of that privilege. Nonetheless, this Court concludes that notwithstanding the Legislators' misapplication of the law on the merits, the balance of factors favors a stay pending appeal.

To start, the Legislators assert they are likely to succeed on the merits of their

appeal because the subpoenas at issue only serve to probe the subjective motivations of those acting in their legislative capacity. They rely on the Eleventh Circuit's decision in *In re Hubbard*, 803 F.3d 1298 (11th Cir. 2015), to argue that Plaintiffs' subpoenas are *per se* improper because they are associated with Plaintiffs' Fourteenth Amendment race discrimination claim. But this is not what the Eleventh Circuit said in *In re Hubbard*. Instead, the Eleventh Circuit analyzed whether the privilege should yield in a case involving a First Amendment retaliation claim, implicitly recognizing that in some cases the privilege must yield when important federal interests are at stake. *See id*. at 1314–15 ("AEA has no valid federal claim to justify intruding upon the lawmakers' legislative privileges."). The Eleventh Circuit held that the retaliation claim in *In re Hubbard* was not cognizable under the First Amendment, and thus there was no federal interest to which the legislative privilege should yield.

Relatedly, while explaining that the Supreme Court has "drawn the line at civil actions," for purposes of official immunity from suit and personal liability, the Eleventh Circuit did *not* say that the legislative privilege is absolute, even in civil actions in which important federal interests are at stake. *See id*. at 1311–12. Moreover, other courts have recognized that such interests justify intrusion into that privilege, even in civil actions brought by private parties. *See Bethune-Hill v. Va. St. Bd. Of Elections*, 114 F. Supp. 3d 323, 336 (E.D. Va. 2015) ("[T]he state legislative

2

privilege is a qualified one when evidence of forbidden criminal behavior is sought, or when a plaintiff proceeds against the *State* and seeks evidence to vindicate important *public* rights guaranteed by federal law." (citations omitted)).

Likewise, although courts have reached different results as to whether purely factual information falls within the scope of legislative privilege, this Court is persuaded that the privilege is aimed at shielding Legislators from compulsory production of documentary and testimonial evidence concerning their subjective motivations in taking legitimate legislative action—*not* purely factual information available at the time they took such action. *See e.g.*, *League of Women Voters of Mich. v. Johnson*, 2018 WL 2335805, *6 (E.D. Mich. May 23, 2018) (noting that fact-based documents were not protected by legislative privilege); *Comm. For a Fair and Balanced Map v. Ill. St. Bd. Of Elections*, 2011 WL 4837508, *10 (N.D. Ill. Oct. 12, 2011) ("[T]he legislative privilege shields from disclosure pre-decisional, non-factual communications that contain opinions, recommendations or advice about public policies or possible legislation. It does not protect facts or information available to lawmakers at the time of their decision.").

In short, this Court is not persuaded that the Legislators are likely to succeed on the merits of their appeal based on their oversimplification and misapplication of the law governing legislative privilege. However, this Court is, and has always been, mindful of the sensitive nature of lawmaking and the importance of allowing

3

legislators to focus on their public duties free from unnecessary distraction. Indeed, this Court largely agrees that much of what Plaintiffs originally requested in the subpoenas at issue is privileged, and thus, did not order the production of a broad swath of documents and communications originally requested. Rather, this Court limited the universe of required production to only factual information drawn from a restricted list of search terms and subject to a more limited time frame than what Plaintiffs had requested. This Court could not have been more restrictive absent granting the motion to quash outright or limiting production to the scant list of search terms the Legislators' counsel offered to Plaintiffs prior to filing the Legislators' motion.

But given the sensitive nature of legislative privilege and the important interests it serves, this Court finds that the balance of the factors weighs in favor of granting the Legislators' motion to stay. Accordingly, the motion, ECF No. 105, is **GRANTED**, over Plaintiffs' objection. The Legislators' deadline to produce responsive documents pursuant to this Court's Order, ECF No. 100, is **STAYED** pending resolution of the Legislators' appeal.

**SO ORDERED on March 1, 2023.**

s/Mark E. Walker<br>
**Chief United States District Judge**