UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEROY PERNELL, et al.,

     Plaintiffs,

v.

                                        Case No.: 4:22-cv-304-MW-MAF

BRIAN LAMB, et al.,

     Defendants.

_____/

**JOINT STATUS REPORT AND MOTION TO FURTHER AMEND
SCHEDULING AND MEDIATION ORDER**

     Plaintiffs LEROY PERNELL, DANA THOMPSON DORSEY, SHARON

AUSTIN, SHELLEY PARK, JENNIFER SANDOVAL, RUSSELL ALMOND,

MARVIN DUNN, and JOHANA DAUPHIN; and Defendants TIMOTHY M.

CERIO, RICHARD CORCORAN, AUBREY EDGE, PATRICIA FROST,

NIMNA GABADAGE, EDWARD HADDOCK, KEN JONES, DARLENE

LUCCIO JORDAN, BRIAN LAMB, ALAN LEVINE, CHARLES H.

LYDECKER, CRAIG MATEER, DEANNA MICHAEL, STEVEN M. SCOTT,

ERIC SILAGY, KENT STERMON, MANNY DIAZ JR., MORTEZA HOSSEINI,

THOMAS G. KUNTZ, DAVID L. BRANDON, RICHARD P. COLE,

CHRISTOPHER T. CORR, JAMES W. HEAVENER, LAUREN D.

LEMASTERS, DANIEL T. O'KEEFE, RAHUL PATEL, AMANDA J. PHALIN,

MARSHA D. POWERS, FRED S. RIDLEY, ANITA G. ZUCKER, WILLIAM WEATHERFORD, MICHAEL E. GRIFFIN, SANDRA CALLAHAN, MICHAEL CARRERE, N. ROGAN DONELLY, OSCAR HORTON, JENIFER JASINSKI SCHNEIDER, LAURAN MONBARREN, NITHIN PALYAM, SHILEN PATEL, FREDRICK PICCOLO, MELISSA SEIXAS, DEAN C. COLSON, ROGELIO TOVAR, CESAR L. ALVAREZ, JOSE J. ARMAS, DEANNE BUTCHEY, CARLOS A. DUART, NATASHA LOWELL, CRISTHOFER LUGO, T. GENE PRESCOTT, CHANEL T. ROWE, MARC D. SARNOFF, CARLOS TRUJILLO, KEVIN LAWSON, KIMBERLY MOORE, ANN MARIE CAVAZOS, OTIS CLIATT, II, THOMAS W. DORTCH, JR., MICHAEL DUBOSE, KRISTIN HARPER, BELVIN PERRY, JR., CRAIG REED, KENWARD STONE, NICOLE WASHINGTON, ZACHARY CHANDLER BELL, PETER COLLINS, MAXIMO ALVAREZ, KATHRYN BALLARD, ERIC CHICKEN, VIVIAN DE LAS CUEVAS-DIAZ, NIMNA GABADAGE, JORGE GONZALEZ, JUSTIN ROTH, BOB SASSER, JOHN THIEL, DREW WEATHERFORD, JIM W. HENDERSON, DEBORAH SARGEANT, ALEX MARTINS, HAROLD MILLS, TIFFANY ALTIZER, BILL CHRISTY, JEFF CONDELLO, JOSEPH CONTE, DANNY GAEKWAD, STEPHEN KING, DANIELLA LOPEZ, CARYL MCALPIN, JOHN MIKLOS, MICHAEL OKATY, and BEVERLY J. SEAY jointly move this Court for entry of an order further amending the Court's

2

Amended Scheduling and Mediation Order (ECF No. 93) pursuant to FEDERAL

RULE OF CIVIL PROCEDURE 16(b)(4).  As grounds for this Motion, the Parties state

as follows:

WHEREAS, on September 29, 2022, Plaintiffs served requests for

production of documents upon Defendants (the "September 29 discovery

requests");

WHEREAS, on October 12, 2022, the Court issued a Scheduling and

Mediation Order, which required, among other things, that the parties complete

fact discovery by March 31, 2023 (ECF No. 58);

WHEREAS, Plaintiffs, as a courtesy, agreed to extend Defendants' deadline

to respond to Plaintiffs' September 29 discovery requests from October 29, 2022,

to November 14, 2022;

WHEREAS, on November 14, 2022, Defendants timely served responses to

Plaintiffs' discovery requests without documents, and in their responses, indicated

they would produce responsive documents;

WHEREAS, on December 5, 2022, Defendants served interrogatories and

requests for production of documents on Plaintiffs (the "December 5 discovery

requests");

WHEREAS, Defendants, as a courtesy, agreed to extend Plaintiffs' deadline to respond to Defendants' December 5 discovery requests from January 4, 2023, to February 3, 2023;

WHEREAS, on December 14, 2022, Plaintiffs provided Defendants with a proposed list of (1) high-priority custodians, (2) search terms, and (3) narrowed date ranges, and requested that Defendants produce responsive documents on a rolling basis, starting on December 21, 2022, and every two weeks thereafter;

WHEREAS, on December 21, 2022, Defendants stated that commencing production on December 21 would not be possible, due in part to all six university defendants being closed for winter break, but further stated that they had identified 19 custodians based on interviews to determine the custodians who would be most likely to be in possession of responsive documents;

WHEREAS, on December 23, 2022, Plaintiffs sent a letter to Defendants identifying perceived deficiencies in Defendants' discovery responses and requesting the prompt production of documents responsive to Plaintiffs' September 29 discovery requests;

WHEREAS, on January 6, 2023, Defendants identified four additional custodians, bringing the total to 23 custodians, whose ESI Defendants said they would search for responsive materials;

WHEREAS, on January 13, 2023, the Parties submitted a Joint Status Report to the Court stating that Defendants "expect to be in a position to propose a substantial completion deadline for their submission of documents and materials responsive to Plaintiffs' Requests for Production and to commence rolling productions of responsive documents and materials by January 30, 2023" (ECF No. 92);

WHEREAS, on January 17, 2023, the Parties submitted a Stipulation to Amend Scheduling and Mediation Order (the "Stipulation Agreement") in which they agreed to meet and confer by January 31, 2023 regarding Defendants' substantial completion deadline and further, if unable to reach agreement, to submit their competing positions to the Court by February 3, 2023 (ECF No. 92 at 5, n.1);

WHEREAS, on January 18, 2023, this Court issued an Amended Scheduling and Mediation Order extending the discovery deadline to June 2, 2023, and adopting, as is relevant here, the parties' stipulated discovery deadlines "except to the extent of any conflict with this order" (ECF No. 93);

WHEREAS, on January 20, 2023, Plaintiffs served a subpoena for documents and testimony from non-party witness Governor Ron DeSantis;

WHEREAS, on January 30, 2023 Defendants produced 713 documents in response to Plaintiffs' September 29 discovery requests;

WHEREAS, on January 31, 2023, the Parties met and conferred pursuant to their Stipulation Agreement regarding ongoing discovery concerns and agreed not to submit letters to the Court outlining their positions regarding a substantial completion date for Defendants' production. Although Defendants believed a large percentage of responsive records contain material covered by the Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232(g); 34 C.F.R. Part 99), Defendants conveyed they hoped that they would be able to commit to a substantial completion deadline;

WHEREAS, following the January 31, 2023 meet and confer, Plaintiffs agreed to allow Defendants to work through their FERPA issue before further discussions about the substantial completion deadline;

WHEREAS on February 3, 2023, Plaintiffs submitted responses and produced documents responsive to Defendants' discovery requests;

WHEREAS, on February 16, 2023, Defendants produced 747 documents in response to Plaintiffs' September 29 discovery requests;

WHEREAS, on February 22, 2023, the Court entered an Order Granting in Part and Denying Motion to Quash the subpoena, served by Plaintiffs, directed at 14 non-party Florida State Legislators. (ECF No. 100) (the "Quash Order");

WHEREAS, on February 27, 2023, the Parties reported to the Court that Defendants had not yet identified a date for substantial completion of their

document production because Defendants needed to assess the extent to which their production would trigger any obligations or responsibilities under FERPA;

WHEREAS, on February 28, 2023, the Legislators appealed the Quash Order and filed a Motion to Stay Discovery Order pending their appeal, and the Court that same day granted the Legislators' Motion (ECF Nos. 104-06);

WHEREAS, on February 28, 2023, Defendants produced 378 documents in response to Plaintiff's September 29 discovery requests;

WHEREAS, on March 10, 2023, Counsel for the Plaintiffs and the State Legislators filed a Joint Motion to Expedite briefing of the Legislators' appeal of the Court's Quash Order;

WHEREAS, the Parties are still negotiating search terms for the search of Defendants' ESI. Defendants sent their response to Plaintiffs' most recent counterproposal on March 13;

WHEREAS, on March 13, 2023, Defendants informed Plaintiffs that they believe that they have identified a process by which to identify material protected by FERPA in responsive materials but that the process will be laborious and take a minimum of five days for each Defendant university, adding more than a month of review, and that, as such, Defendants cannot at this time commit to a substantial completion deadline for production of records;

WHEREAS, Governor DeSantis objected to the third-party subpoena, in part, on the basis that Plaintiffs cannot satisfy the Apex Doctrine, and Plaintiffs agreed on March 15, 2023, to withdraw without prejudice the subpoena directed to Governor DeSantis pending the completion of further discovery;

WHEREAS, on March 16, 2023, Defendants produced 1,073 documents in response to Plaintiff's September 29 discovery requests;

WHEREAS Defendants have to date produced 2,911 documents;

WHEREAS, per the Parties' Stipulation Agreement as adopted by the Court's Amended Scheduling and Mediation Order, the Parties must propound discovery by March 20, 2023 (ECF Nos. 92-93);

WHEREAS, initial expert disclosures and reports are due April 3, 2023 and rebuttal expert disclosures and reports are due May 3, 2023 (ECF Nos. 92-93);

WHEREAS, Defendants have not yet produced records that Plaintiffs' initial expert(s) will need to review in order to draft their report(s);

WHEREAS, Plaintiffs need an opportunity to review a greater number of documents in order to reasonably determine the scope of any additional party and non-party discovery;

WHEREAS Defendants have identified 23 custodians of relevant records and Plaintiffs have subpoenaed records from 14 Florida State Legislators, but

Plaintiffs have not yet received sufficient responses to their document requests to assist them in determining proper deponents;

WHEREAS the Federal Rules of Civil Procedure allow parties by right to depose no more than 10 witnesses, *see* Fed. R. Civ. P. 30(a)(2)(A)(i), and Plaintiffs cannot reasonably determine whether they will need to seek leave to depose additional witnesses until after they have received more complete responses to their discovery requests; and

WHEREAS the Parties agree that given the uncertainty regarding completion for significant pieces of discovery, they cannot comply with the current interim discovery deadlines that precede the final discovery deadline of June 2, 2023 and that, at current, the document discovery has not proceeded at the pace needed to commit to certain interim deadlines;

NOW THEREFORE, the Parties jointly move the Court for entry of the Proposed Second Amended Scheduling and Mediation Order submitted with this Motion to Further Amend Scheduling and Mediation Order.

1.     The Proposed Second Amended Scheduling and Mediation Order reflects the Parties' request that (1) the Court stay all discovery deadlines prior to the June 2, 2023 discovery deadline, and further (2) the parties submit to the Court no later than May 3, 2023 a joint status report presenting their respective positions regarding (i) whether the Parties are able to complete discovery by June 2, 2023,

(ii) appropriate deadlines related to discovery and expert disclosures, and (iii)

whether the Amended Scheduling and Mediation Order (ECF No. 93) should be

further modified.

2.      The Proposed Second Amended Scheduling and Mediation Order

further reflects the parties' agreement that any deadlines or modifications not

herein addressed shall continue to be governed accordingly by the Initial

Scheduling Order (ECF No. 34), the parties' joint scheduling report (ECF No. 56),

the Scheduling and Mediation Order (ECF No. 58), the parties' Stipulation to

Amend Scheduling and Mediation Order (ECF No. 92), or the Amended

Scheduling and Mediation Order (ECF. No. 93).

Dated: March 16, 2023                     Respectfully submitted,

                                          /s/ Jason Leckerman

                                          Jason Leckerman (*pro hac vice*)
                                          BALLARD SPAHR LLP
                                          1735 Market Street, 51st Floor
                                          Philadelphia, PA 19103-7599
                                          leckermanj@ballardspahr.com
                                          (215) 864-8266

                                          **COUNSEL FOR PLAINTIFFS**


                                          /s/ John D. Ohlendorf (with permission)

                                          John D. Ohlendorf
                                          Cooper & Kirk, PLLC
                                          1523 New Hampshire Avenue, N.W.
                                          Washington, D.C. 20046

johlendorf@cooperkirk.com
(202) 220-9617

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of March 2023, I electronically filed the

foregoing document with the Clerk of the Court using CM/ECF.  I also certify that

the foregoing document is being served on all counsel of record via transmission of

Notices of Electronic Filing generate by CM/ECF.

/s/ Jason Leckerman
Jason Leckerman