# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

LEROY PERNELL, et al.,

    Plaintiffs,

v.

                             Case No.: 4:22-cv-304-MW-MAF

BRIAN LAMB, et al.,

    Defendants.

_____/

## STIPULATED PROTECTIVE ORDER AND FRE 502(d) AND (e) CLAWBACK AGREEMENT/ORDER

This Court has considered, without hearing the Joint Motion for Entry of Stipulated Protective Order and FRE 502(d) and (e) Clawback Agreement/Order. The motion is GRANTED as follows:

### 1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, private information, information protected by the Family Educational Rights and Privacy Act (FERPA), or information protected from disclosure by State and/or Federal regulations or statutes, for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order and Clawback Agreement/Order. The parties acknowledge that this agreement is consistent with FRCP 26(c) and FRE 502(d) and (e). It does not confer blanket protection on all disclosures or responses

1

to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not otherwise modify the parties' obligations to comply with the Local Rules for the Northern District of Florida, which governs the filing of confidential or Attorney's Eyes Only information.

2. **"CONFIDENTIAL" MATERIAL**

2.1 "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: (1) Commercial, business, financial, accounting, proprietary, or competitive information about Defendants' business or the business of a third party that is not generally available to the public; (2) Private information about individuals, including, without limitation, documents containing sensitive and private personal information, social security numbers, health or medical-related information, home addresses, or home telephone numbers; (3) Information over which the designating party is obligated to maintain confidentiality by law, contract or otherwise; and (4) Information expressly designated as, and reasonably believed by the producing party to be, confidential in nature.

2.2 "Attorney's Eyes Only" material shall include extraordinarily sensitive confidential, proprietary, trade secret, and/or private information, including information protected from release by federal law such as Family Educational Rights

and Privacy Act (FERPA), the disclosure of which would create a potential risk of substantial injury to the producing party that cannot be prevented by less restrictive means. "Attorney's Eyes Only" documents and information shall be maintained in the custody of outside counsel, including e-discovery vendors.

2.3 A document which contains only "public data" pursuant to Fla. Stat. §§ 119.01 *et seq*. (the "Florida Sunshine Law") may not be designated confidential or Attorney's Eyes Only. A document containing a mix of "public data" and "not public data" may not, in its entirety, be given a confidentiality designation. The producing party must clearly indicate or give the receiving party notice of which portions it asserts are confidential or Attorney's Eyes Only. The receiving party may disclose the "public data" portions of the document.

3. **SCOPE**

The protections conferred by this agreement cover not only confidential and Attorney's Eyes Only material (as defined above), but also (1) any information copied or extracted from confidential or Attorney's Eyes Only material; (2) all copies, excerpts, summaries, or compilations of confidential or Attorney's Eyes Only material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential or Attorney's Eyes Only material. However, the protections conferred by this agreement do not cover information that (1) is known or becomes known through means or sources outside of this litigation;

(2) is in the public domain; or (3) becomes part of the public domain through trial or otherwise.

4. **ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

4.1. Basic Principles.

(a). A receiving party may use confidential and Attorney's Eyes Only material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.

(b). Confidential and Attorney's Eyes Only material may be disclosed only to the categories of persons and under the conditions described in this agreement.

(c). Confidential and Attorney's Eyes Only material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

(d). Materials produced or other evidence regarding Plaintiffs, Defendants, including, but not limited to student information protected by FERPA, or a non-party that was provided by Plaintiffs, Defendants, or a non-party in the course of this action may be used in this action only, except for materials containing information that is considered "public data" pursuant to Fla. Stat. §§ 119.01 *et seq*. (the "Florida Sunshine Law")Such material, evidence, or information may not be used in retaliation against Plaintiffs or non-parties or to otherwise investigate Plaintiffs or

non-parties for alleged violations of the legislation at issue herein. This obligation shall survive the termination of this action.

4.2. Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel and in-house counsel, including the general counsel's offices, to whom it is reasonably necessary to disclose the information for this litigation;

(b) the receiving party and officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts and consultants retained by counsel or whom counsel considers retaining for the purpose of consulting or testifying in this litigation, and any assistants retained by said experts or consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy, imaging services, e-discovery vendors retained by counsel to assist in the duplication of confidential material, provided that counsel for the party

retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) in preparation for and during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. However, documents or material designated for Attorney's Eyes Only shall not be disclosed without agreement of the parties or order of the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential or Attorney's Eyes Only material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) court reporters, videographers, or mediators used in connection with this action;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i) upon agreement of the parties, any other person to whom disclosure is reasonably necessary, was provided a copy of this Protective Order, and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

4.3. Disclosure of "ATTORNEY'S EYES ONLY" Information or Items.

Unless otherwise ordered by the court or upon agreement by the designating party, a receiving party may disclose Attorney's Eyes Only material only to the persons identified in paragraphs (a), (c), (d), (e), (g), (h), and (i) above.

4.4. Filing Confidential Material. Before filing confidential or Attorney's Eyes Only material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential or Attorney's Eyes Only designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.

5. **DESIGNATING PROTECTED MATERIAL**

5.1. Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is

withdrawing the mistaken designation.

5.2. Manner and Timing of Designations. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when that material is disclosed or produced.

(a) Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. For Attorney's Eyes documents, the designating party must affix the word "ATTORNEY'S EYES ONLY" to each page that contains Attorney's Eyes Only material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) Testimony given in deposition or in other pretrial or trial proceedings: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party may, within fourteen calendar days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential or Attorney's Eyes Only.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1. Timing of Challenges. Any party may challenge a designation of confidentiality or Attorney's Eyes Only at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. Meet and Confer. Upon receipt of notice that a party is challenging the

designation of a document, the parties shall meet and confer as soon as practicable to attempt in good faith to resolve or otherwise limit the issues relating to the contested material. The parties must make every attempt to resolve any dispute regarding confidential or Attorney's Eyes Only designations without court involvement. Any motion regarding confidential or Attorney's Eyes Only designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3. Judicial Intervention. If the parties cannot resolve a challenge without court intervention, either party may file and serve a motion to determine confidentiality. In any such proceeding, the party that designated the contested material as "confidential" or "attorney's eyes only" shall have the burden of proof by a preponderance of the evidence of the propriety of such designation. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

## 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation

that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected; provided, however, the designating party shall bear the burden of securing protection of the materials in the other litigation, including, but not limited to, filing any motions or other papers.

8. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential or Attorney's Eyes Only material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

11

this agreement, and (d) request that such person or persons execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

The receiving party is liable for all damages flowing from any disclosure by a receiving party of a designating party's materials.

9. **INADVERTENT PRODUCTION OF PRIVILEGED OR WORK-PRODUCT PROTECTED MATERIAL**

The parties agree to abide by the obligations set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 with respect to inadvertent production of privileged or work-product protected material.

(a) If, during the course of this litigation, a party determines that any document produced by another party is or may reasonably be subject to a legally recognizable privilege or work-product protection ("Protected Document"):

(i) the receiving party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the producing party in writing that it has discovered documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value; and, (D) within ten days of discovery by the receiving party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts, or compilations of the content thereof. To the extent that a Protected Document has

been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted or sequestered from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the receiving party. Notwithstanding, the receiving party is under no obligation to search or review the producing party's documents to identify potentially privileged or work product Protected Documents.

(ii) If the producing party intends to assert a claim of privilege or other protection over documents identified by the receiving party as Protected Documents, the producing party will, within ten days of receiving the receiving party's written notification described above, inform the receiving party of such intention in writing and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document that omits the information that the producing party believes is subject to a claim of privilege or other protection.

(b) If, during the course of this litigation, a party determines it has produced a Protected Document:

(i) the producing party shall notify in writing the receiving party within 10 business days of discovering that it inadvertently produced the Protected Document, and demand the return of such document. Such notice shall be in writing; however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The producing party's written notice will identify the Protected Document inadvertently produced by Bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document that omits the information that the producing party believes is subject to a claim of privilege or other protection.

(ii) The receiving party must, within ten days of receiving the producing party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts, or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the

database.

(c) To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the receiving party prior to the date of receipt of written notice by the producing party as set forth in paragraphs (c)(ii) and d(i), then the receiving party shall sequester such documents until the claim has been resolved. If the receiving party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(d) The receiving party's return, sequestering, or destruction of Protected Documents as provided herein will not act as a waiver of the requesting party's right to move for the production of the returned, sequestered, or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection.

(e) Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The producing party shall preserve the Protected Documents until such claim is resolved. The receiving party may not use the Protected Documents for any purpose absent this Court's Order.

(f) Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected

Documents have been sequestered rather than returned or destroyed by the receiving party, the Protected Documents shall be returned or destroyed within 10 days of the Court's order. The Court may also order the identification by the receiving party of Protected Documents by search terms or other means.

(g)     Nothing contained herein is intended to, or shall serve to, limit a party's right to conduct a review of documents, data (including electronically stored information), and other information, including without limitation, metadata, for relevance, responsiveness, and/or the segregation of privileged and/or protected information before such information is produced to another party. By operation of the parties' agreement and Court Order, the parties are specifically afforded the protections of FRE 502 (d) and (e).

10.     **NON TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential and Attorney's Eyes Only material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise. Notwithstanding the foregoing, counsel may retain a copy of any confidential document constituting or revealing attorney work product, provided such documents are clearly marked to

reflect that they contain or reveal information subject to this Order.

## 11. COMPUTATION OF TIME

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

## 12. GENERAL PROVISIONS

12.1. Any party may apply to the Court for a modification of this Protective Order for good cause, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

12.2. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

## 13. EFFECT OF STIPULATION

Once all parties have agreed to this Stipulation, it shall be treated by the parties as an Order of Court until it is formally approved by the Court.

SO ORDERED on July \_\_\_\_, 2023.

_____
Chief United States District Judge