UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEROY PERNELL, et al.,

    Plaintiffs,

v.

    Case No.: 4:22-cv-304-MW-MAF

BRIAN LAMB, et al.,

    Defendants.

_____/

## DEFENDANTS' UNOPPOSED MOTION FOR ENTRY OF A FERPA PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c); the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g *et seq.*; 34 CFR Part 99, *et seq.*; and other applicable law, the Defendants move for entry of an order to facilitate discovery and to govern the use of FERPA information and documents. *See, Doe 1 v. Baylor Univ.*, 2022 WL 180154, at *2 (W.D. Tex. Jan. 20, 2022) (approving use of protective order and "Attorney's Eyes Only" designation to protect FERPA-protected). The parties have discussed these issues and agreed to the language on the proposed order attached hereto as Exhibit 1. In support of the Unopposed Motion, Defendants state the following:

    1.    FERPA protects the privacy of students. *See* 20 U.S.C. § 1232g (b)(1). It is the Universities' obligation to ensure that students' privacy is protected. *Id.*

While FERPA does not prevent discovery related to school records, it does place a high burden on a party seeking access to student records. *See* Policy of Family Educational Rights Privacy Act (FERPA), 17A Fed. Proc., L. Ed. § 42:1629.

2. As part of the discovery process in this matter, the parties have agreed on certain custodians associated with the Defendants and certain search terms to be run on the electronic records retained by those custodians.

3. Although the parties have worked together to craft and narrow the search terms, in Defendants' view, the resulting terms nevertheless remain quite broad. Indeed, Defendants expect to produce approximately 250,000 documents. Plaintiffs, however, disagree with Defendants' characterization of the breadth of the search terms and, without having received and reviewed the full document production, reserve all rights related to Defendants' production.

4. University Defendants have developed a protocol for segregating potentially FERPA protected documents for each of the University Defendant's custodians. The protocol has been shared with counsel for the Plaintiffs during multiple Meet and Confers. Based on this protocol, Defendants have determined that numerous documents that are responsive to the search terms may contain FERPA protected information. The approximate number of potentially FERPA protected documents from each Defendant University that have also hit on one of Plaintiffs' search terms is substantial:

      a. Florida Agricultural & Mechanical University (FAMU) 30,000 documents;

      b. University of Central Florida (UCF) 21,000 documents;

      c. Florida State University (FSU) 32,000 documents;

      d. University of South Florida (USF) 15,600 documents;

      e. Florida International University (FIU) 42,000 documents; and

      f. University of Florida (UF) 26,000 documents.

In total, the potentially FERPA-protected set amounts to nearly 167,000 documents.

    5. Neither the parties, counsel, nor the University Defendants have had to produce potentially FERPA protected documents on this scale before this litigation.

    6. Typically, an education record is no longer considered FERPA protected once identifying information has been redacted.

    7. The redaction process entails more than redacting names, social security numbers and personal traditional PII, which can be redacted in a relatively automated process with certain e-discovery tools.

    8. The redaction process here is more nuanced and time consuming and will require a document-by-document review and manual redactions to ensure that personally identifiable information is captured by the redactions. This may include redacting specific facts or details that can be used to identify the student. Given the high volume of documents that potentially contain FERPA protected information. the costs associated with such a review will be significant.

9. Based on the time it has taken UCF and FIU to redact FERPA-protected records in response to previous public records requests, the review and redaction time could average 2-3 minutes per document (or potentially longer), and therefore, depending on the number of pages, require as much as 8,300 hours of review/redaction time. Using these estimates, the review, redaction and production of these documents could very likely cost the Defendants at least $1,000,000 and certainly will unnecessarily delay production.

10. In order to avoid the expense and time required, Defendants propose that potentially FERPA protected documents be produced pursuant to the attached protective order.

By agreeing to the language of the proposed order, the parties do not waive any objection they may have to requests for documents or information that would be covered by the proposed order. WHEREFORE, the Defendants request that the Court enter the attached proposed order.

Dated: July 21, 2023

Respectfully submitted,

/s/*John D. Ohlendorf*
**John D. Ohlendorf**
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20046
johlendorf@cooperkirk.com
(202) 220-9617

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of July 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/*John D. Ohlendorf*
John D. Ohlendorf