UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEROY PERNELL, et al.,

    Plaintiffs,

                                   Case No.: 4:22-cv-304-MW-MAF

v.

BRIAN LAMB, et al.,

    Defendants.

                                      /

## [PROPOSED] FERPA PROTECTIVE ORDER

This Court has considered without hearing Defendants' Unopposed Motion for a FERPA Protective Order. The Court hereby Orders as follows:

## PURPOSE AND SCOPE

1.    In the course of electronic discovery, it has become apparent that documents responsive to search terms agreed upon by the Parties may contain information protected by the Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR Part 99), or information protected from disclosure by State and/or Federal regulations or statutes, for which special protection may be warranted. The costs and time associated with reviewing and redacting all potentially FERPA protected documents in this case is significant and unduly burdensome. In order to avoid unnecessary expenses and delays in producing the documents, and consistent with the Parties' agreement, the Court Orders the following:

1

## NOTIFICATION PROCEDURES

2.     Defendants shall provide notice pursuant to 20 U.S.C §1232g(b)(2)(B) to all students, former students, or parents whose educational records may be produced.

3.     Defendants shall produce all the potentially FERPA protected documents for all students and former students who have not objected within 21 days after a valid notice has been sent.

4.     Notice may be sent to students, former students, or parents via email. If the university does not receive a bounce-back message indicating that delivery was unsuccessful, the notice shall be deemed valid. For those students who do not have a valid email address, notice may be sent via first-class mail to the last known address on file with the university, and notice will be deemed valid three days after mailing. *Cf.* Fed. R. Civ. P. 5(b)(2)(C), 6(d).

5.     In the event there are any objections, Defendants will review the records of those students who have objected and then redact the documents as necessary to comply with FERPA.

## DESIGNATION PROCEDURES

6.     All potentially FERPA protected documents shall be designated "Attorney's Eyes Only" documents, and information shall be maintained in the custody of outside counsel, including e-discovery vendors as provided in paragraph

2.2 of the Stipulated Protective Order.

7.     If Defendants discover that documents containing potentially FERPA protected information have been produced without an "Attorney's Eyes Only" designation, Defendants may substitute new versions containing the designations or redactions for the previously produced documents. Plaintiffs will delete all copies of the un-designated or un-redacted document(s). If Plaintiffs wish to use the document publicly, Plaintiffs shall follow the procedures set for in this Protective Order.

## USE OF FERPA PROTECTED DOCUMENTS

8.     The access and use of Attorney's Eyes Only Material shall be governed by the Stipulated Protective Order, including sections 4 and 5.

Before Plaintiffs may use any of the potentially FERPA protected documents, Plaintiffs must submit the documents to Defendants for redaction under FERPA, if necessary, at least 14 days before Plaintiffs intend to use the documents. Alternatively, if Plaintiffs use FERPA protected documents in a court filing, that filing must be sealed.

9.     All potentially FERPA-protected documents may only be used for this litigation.

## CHALLENGING DESIGNATIONS

10.     Meet and Confer. Upon receipt of notice that a party is challenging the designation of a document as containing material protected by FERPA, the parties

shall meet and confer as soon as reasonably practicable to attempt in good faith to resolve or otherwise limit the issues relating to the contested material. The parties must make every attempt to resolve any dispute regarding Attorney's Eyes Only designations or redactions without court involvement.

11.     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, either party may file and serve a motion to determine the applicability of FERPA. In any such proceeding, the party that designated the contested material as "Attorney's Eyes Only" shall have the burden of proof by a preponderance of the evidence of the propriety of such designation. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

## GENERAL PROVISIONS

12.     Any party may apply to the Court for a modification of this Order for good cause, and nothing in this Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

13.     No action taken in accordance with the Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

14.      Pursuant to Federal Rule of Evidence 502(d), production under this

4

Order shall not waive the attorney-client privilege, or any other privilege claimed in this case, for purposes of this proceeding or any other federal or state proceeding.

15.     All other provisions of the Stipulated Protective Order shall remain in effect.

16.     Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential and Attorney's Eyes Only material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

17.     Once all parties have agreed to this Stipulation, it shall be treated by the parties as an Order of Court until it is formally approved by the Court.

22.     Pursuant to 20 U.S.C § 1232g(b)(2)(B), this Order constitutes a judicial order allowing the release of student educational records.

SO ORDERED on July __ 2023.

_____
Chief United States District Judge